THE STATE OF FLORIDA, on the relation of: M. F. VANS AGNEW, as Executrix of the Estate of P. A. Vans Agnew, deceased, et al., *Plaintiffs in Error*, v. UPPER ST. JOHNS RIVER NAVIGATION DISTRICT, a public corporation of the State of Florida, et al., *Defendants in Error*.

135 So. 784.

Division B.

Opinion filed June 24, 1931.

*G. P. Garrett*, for Plaintiffs in Error;

*John D. Shepard*, for Defendants in Error.

DAVIS, J.—The 1925 Legislature enacted Chapter 11431, Special Acts of 1925, creating the "Upper St. Johns River Navigation District." Brevard and Seminole Counties constituted the same, which was made a special taxing district, the object of which was to promote the maritime shipping and commercial interests of the district by providing for

the improvement of the Upper St. Johns River and for the connection of the same with the Indian River by a navigable canal or waterway and thereafter to maintain the same.

The taxes authorized to be levied for and by the district were required to be assessed on the basis of the State and County assessment made in Brevard and Seminole Counties, and to be payable at the same time and collected by the same officers as the State and County taxes.

The Counties of Brevard and Seminole were declared to be created into a special taxing district, to be known as the Upper St. Johns River Navigation District, and the inhabitants thereof were constituted and declared to be a corporation by the name of "Upper St. Johns River Navigation District," and as such to have perpetual succession and to exercise and carry out all of the municipal powers and objects of such district, to make contracts, and hold and dispose of property and to do all other acts and things which might be requisite, necessary or convenient in carrying out the objects of the corporation or in exercising the powers conferred upon it. It was expressly specified that the corporation could sue and be sued in all forms of action.

Under Section 24 of the Act the district was authorized to employ such engineers, superintendents, mechanics, clerks, and other persons as it might find requisite, necessary or convenient in carrying on its work, and to fix the compensation of the same.

The plaintiffs in error in this case were relators in the court below in a mandamus proceeding brought against the district to compel it to levy and collect a sufficient tax to pay several judgments against the district which were referred to and set out in the alternative writ, in which judgments the relators were interested.

The Circuit Judge denied the motion for a peremptory writ and entered final judgment for the defendant district and its Commissioners on the theory that Chapter 12446, Acts of 1927, amending Chapter 11431, creating the Upper

St. Johns Navigation District, does not provide any limitation to the amount of the millage that may be assessed for the purpose of paying the debt of the district and for other reasons appearing upon the face of the record, no particular one of which was specified in detail by the Circuit Judge.

A writ of error brings this judgment here for review.

The Judgment of the Circuit Court must be reversed upon the authority of John D. Jinkins, as Tax Collector of Seminole County, vs. C. W. Entzminger, et al., this day decided, and the cause remanded for further proceedings in accordance with law.

It is so ordered.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.