STATE *ex rel.* MARIAN FELL VANS AGNEW, Executrix, v.
E. C. JOHNSON, *et al.*

150 So. 111.
Division A.
Opinion Filed September 21, 1933.

*G. P. Garrett,* for Plaintiff in Error;

*Butt & Akridge, A. Charles Thompson* and *John D. Shepard,* for Defendants in Error.

TERRELL, J.—In December, 1921, Cocoa Drainage District was organized under the general drainage laws of Florida, Section 1098, *et seq.,* Revised General Statutes of 1920, Section 1451, *et seq.,* Compiled General Laws of 1927. In September, 1926, it was enlarged and its name changed to Cocoa-Rockledge Drainage District. P. A. Vans Agnew of Winter Park was attorney for both districts and conducted all the organization and consolidation proceedings. He was regularly employed by the Board of Supervisors of the district and for his services and expenses as such counsel the district, from time to time, issued to him its warrants. These warrants were nothing more than the promissory notes of the district, were never paid, Vans Agnew died, and his wife, Marian Fell Vans Agnew, the Plaintiff in Error, was named as administratrix of his last will and testament. As such administratrix she reduced these warrants to judgment in April, 1932. An execution was issued and returned *nulla bona* when Plaintiff in Error as petitioner filed this proceeding in mandamus directed to the Board of Supervisors of Cocoa-Rockledge Drainage District commanding them to levy a tax for the purpose of discharging said judgment and execution. A motion to quash the alternative writ was granted, final judgment was entered, and this writ of error was prosecuted from that final judgment.

The sole question with which we are confronted is whether or not Cocoa-Rockledge Drainage District, having been organized under the general drainage law, may under

the facts stated, be required by mandamus to levy and collect a tax to pay the claim of its attorney for services in perfecting its organization and for other legal services relating thereto.

A drainage district under the general laws is organized for limited and defined purposes. Its powers are restricted to those deemed essential by the Legislature to affect its purpose. It can raise funds for no purpose except to execute the powers imposed on it and in the manner authorized which must be by special assessment upon the property benefitted, and such assessments not to exceed the benefits conferred.

Sections 1124 and 1134, Revised General Statutes of 1920, Sections 1477 and 1489, Compiled General Laws of 1927, recognize the power of the Board of Supervisors of Cocoa-Rockledge Drainage District to employ an attorney and to fix his compensation. There is no contention here that Vans Agnew was not regularly employed or that he did not perform the services for which his administratrix seeks to enforce payment. While this question is probably adjudicated by the judgment, we might observe that the law frequently recognizes the necessity for the services of an attorney and the services in this case were accepted and paid for in the district's warrants by the Board of Supervisors as the law directs.

To organize the district and to execute its plan of reclamation three sources of revenue are provided, viz., (1) The Supervisors, as soon as elected and organized, may levy a uniform tax of not exceeding fifty cents per acre on each acre of land within the district to be used for the purpose of paying expenses incurred or to be incurred in organizing the district, making surveys of the same, and assessing benefits and damages and to pay other expenses necessarily

incurred as may be estimated by the board and the chief engineer. Section 1107, Revised General Statutes of 1920, Section 1460, Compiled General Laws of 1927. (2) When fully organized and the lists of lands, with the assessed benefits and the decree and judgment of the court have been filed in the office of the Clerk of the Circuit Court, as provided by Section 1465, Compiled General Laws, the Board of Supervisors shall, without any unnecessary delay, levy a tax of such portion of said benefits on all lands, in the district to which benefits have been assessed, as may be found necessary by the Board of Supervisors to pay the costs of the completion of the proposed works and improvements, as shown in said "plan of reclamation" and in carrying out the objects of said district, and in addition thereto ten per cent of said total amount for emergencies. The said tax shall be apportioned to and levied on each tract of land in said district in proportion to the benefits assessed and not in excess thereof and in case bonds are issued as provided in said Act a tax shall be levied in a sum not less than an amount, ninety per cent of which shall be equal to the principal of said bonds. Section 1114, Revised General Statutes of 1920, Section 1467, Compiled General Laws of 1927. (3) For the purpose of maintaining the ditches, drains, and other improvements constructed under the plan of reclamation, and for the purpose of defraying the current expenses of the district the Board of Supervisors may upon completion of the said improvements, in whole or in part, levy a tax upon each tract or parcel of land within the district, to be known as a "maintenance tax," said tax to be appropriated on the basis of net assessments of benefits assessed as accruing for original construction, but shall not exceed ten per cent thereof in any one year. Section 1139, Revised General Statutes of 1920, Section 1496, Compiled

General Laws of 1927. We are not concerned with Tax Number Three in this case because it is imposed after the plan of reclamation is wholly or partially completed and neither was done.

It is also provided by Section 1107, Revised General Statutes of 1920, Section 1460, Compiled General Laws of 1927, that the Board of Supervisors may if it becomes necessary before a sufficient sum can be obtained from the uniform acreage tax to pay any expense incurred or to be incurred in organizing the district, borrow a sufficient amount to meet emergencies at a rate of interest not exceeding eight per cent and may issue its notes or bonds therefor and pledge any and all assessments of the uniform acreage tax for their payment.

Section 1148, Revised General Statutes of 1920, Section 1505, Compiled General Laws of 1927, provides that bonds issued by the Board of Supervisors of the district shall be a lien on all lands and other property benefited in the district and the Board of Supervisors shall see to it that a tax is levied annually and collected under the provisions of the Act so long as it may be necessary to pay any bond issued or obligation contracted under its authority, and the making of such assessments and collection may be enforced by mandamus.

By Section 1133, Revised General Statutes of 1920, Section 1488, Compiled General Laws of 1927, it is provided that if after determining the objections made to the commissioners' report the court shall find that the estimated costs of works and improvements as reported by the Board of Commissioners, or as amended by the court, exceed the estimated benefits, the court shall then render its decree, declaring the incorporation of the district to be dissolved as soon as all costs incurred which shall include court costs and

all obligations and expenses incurred in behalf of the district by the Board of Supervisors shall have been paid, and if the uniform tax levied under Section 1460, Compiled General Laws, be insufficient to pay all such costs, the Board of Supervisors shall make such additional uniform tax levies as will be necessary to pay such deficiencies.

The last cited provision of the law is pertinent here for the reason that it points out that even in cases where the court shall find that the costs of benefits and improvements as reported by the commissioners shall exceed the estimated benefits it shall then render its decree, declaring the incorporation of the district to be dissolved as soon as all costs including court costs incurred in behalf of the district shall have been paid and if necessary an additional uniform tax levy is authorized for this purpose.

In the case at bar we are not concerned with the dissolution of the district but it is not out of place to note that in such a case the payment of all obligations incurred by the Board of Supervisors on behalf of the district is made a prerequisite to dissolution. If this be the rule in the case of dissolution certainly a no less rigid one should prevail as to a district adjudged to be feasible and all proceedings preliminary to the execution of its plan of reclamation have been taken.

In this case it appears that the plan of reclamation was prepared and approved and a contract was made for the sale of bonds of the district for the purpose of executing the plan of reclamation but this contract was a conditional one and was never executed. Apparently no other effort was made to execute the plan of reclamation, no work was done, no bonds were sold, and no assessments on the basis of benefits were made. None of these things having been done the district while not dissolved has continued dormant

and inactive. This fact, however, would not result in relieving it of obligations made in good faith.

The rule is well settled that when a county, municipality, or other species of taxing entity has been authorized to contract a debt or obligation of any character and to issue its notes, bonds, or other evidences of indebtedness as security therefor, there follows and accompanies the power to make the debt the right to levy taxes sufficient to pay it when it matures, unless the law which confers the authority or some other law in force at the time, clearly manifests a contrary intention. Citizens' Savings & Loan Assn. of Cleveland v. Topeka City, 20 Wall. 655 (87 U. S. 655), 22 L. Ed. 455; United States v. City of New Orleans, 98 U. S. 381, 25 L. Ed. 225; County Court of Ralls County v. United States, 105 U. S. 733, 26 L. Ed. 1220; Jenkins v. Entzminger, 102 Fla. 167, 135 So. 785; State *ex rel.* Vans Agnew v. Upper St. Johns River Navigation District, 102 Fla. 183, 135 So. 784; State *ex rel.* Dos Amigos v. Lehman, 100 Fla. 1313, 131 So. 533; State *ex rel.* Gillespie v. Baskin, 102 Fla. 329, 136 So. 262; Little River Bank & Trust Co. v. Johnson, 102 Fla. 828, 136 So. 452; State *ex rel.* National Discount Corp. v. Livingston, 103 Fla. 841, 139 So. 364.

Under the general drainage law the Board of Supervisors is elected by the land owners in the district at their first meeting after the incorporation of the district and they are required to meet and employ an attorney within thirty days to advise them and to act for the district. Frequent instances arise under the Act in which the services of an attorney are essential both in the preliminary proceedings incident to organization and in the proceedings incident to carrying out the plan of reclamation and if funds are not available to pay him he may be paid in "negotiable evidences of debt" bearing interest at not more than six per

cent.    Section 1107, Revised General Statutes of 1920, Section 1460, Compiled General Laws of 1927.

In this state of the law we are impelled to hold that the district is bound for the services of its attorney when legally employed.    This being our view, the question then recurs on which source of revenue as alluded to in the forepart of this opinion, the said services may be enforced from.

An inspection of the law imposing the three taxes herein referred to discloses that each tax has its limitations and particular application.    The uniform tax of not exceeding fifty cents per acre is imposed for the purpose of paying the initial expense of organizing the district.    A fair deduction would be that any expense incurred prior to the decree of the court confirming or amending the commissioners' report as required by Section 1112, Revised General Statutes of 1920, Section 1465, Compiled General Laws of 1927, could properly be paid from this fund.    There appears to be no provision for imposing this tax more than once except in cases where the report of the commissioners shows that the reclamation of the district is not feasible and recommends its dissolution.

Tax Number Two being the reclamation tax may be used for all reclamation purposes, attorney's fees, and other obligations of the district.    The record discloses that from February 6th, 1922, to January 10th, 1928, twenty-nine warants were issued to Vans Agnew for legal services and expenses incurred by him in behalf of Cocoa-Rockledge Drainage District, the bona fides of which is not questioned. In view of what has been said in this opinion with reference to the employment of an attorney, we think that such of said warrants as were issued for legal services accruing prior to the decree of the court confirming the commissioners' report may be properly paid from the proceeds of the uni-

form acreage tax. We are of the further view, however, that these warrants are obligations of the district that may be paid from the reclamation tax if the proceeds of the uniform acreage tax have been exhausted or for any reason are inadequate for that purpose.

We are also of the view that under the terms of Section 1148, Revised General Statutes of 1920, Section 1505, Compiled General Laws of 1927, annual assessments and collections of a tax against the lands and other property of the district benefited sufficient to pay said legal services may be enforced by mandamus. The fact that the district is inactive or dormant and that all attempts to execute the plan of reclamation have failed is immaterial. Legal services were essential to the incorporation of the district, the obligation for them was lawfully incurred, and whether benefits in fact accrued makes no difference. Roberts v. Richland Irrigation District, 286 U. S. 71, 77 L. Ed. 1038, 53 Sup. Ct. Rep. 519. Decided February 16, 1933.

Benefits as that term is used in the drainage law may not always be tangible. They may as with the services of attorneys and engineers be intangible though by the very terms of the Act they are as necessary and essential as any other service or benefit in behalf of the district.

In this view of the case the recitals of the alternative writ are not sufficient. It should more specifically set up the status of the two funds from which the claim of relator may be paid and pray for payment therefrom as herein suggested or in the event the proceeds of the uniform acreage tax have been exhausted, then the reclamation tax becomes liable for the full amount and prayer therefor should be cast on the basis as outlined in the opinion.

The judgment below is accordingly affirmed with leave to relator to amend her petition to conform to the views expressed herein if she so desires.

Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS, BROWN and BUFORD, J. J., concur.