J. W. CAMPBELL, J. S. SHOESMITH and PAUL MUELLER, as and comprising the Board of Supervisors of the New Smyrna-DeLand Drainage District; and the New Smyrna-DeLand Drainage District, a Florida Drainage District, v. STATE, *ex rel.* George Palmer Garrett, as administrator, c. t. e. d. b. n. of the Estate of P. A. Vans Agnew, Sr., deceased; and GEORGE I. FULLERTON.

168 So. 33.
Opinion Filed May 6, 1936.

J. U. *Gillespie,* for Plaintiffs in Error;

*George I. Fullerton* and *George P. Garrett,* for Defendants in Error.

DAVIS, J.—Relators, judgment creditors of the New Smyrna-DeLand Drainage District, were awarded a peremptory writ of mandamus in the court below commanding plaintiffs in error, respondents in the Circuit Court, to levy a sufficient tax upon the lands in the District to pay the judgment claims of relators, and, after making such levy, forthwith to do all acts, matters, things and proceedings necessary to be done in order to assess, collect and disburse the commanded tax, to the end that the relator's judgments should be fully and promptly paid, as by law they ought to be. Upon writ of error to the final judgment, the controversy is before this Court for review.

Relators based their claim for mandamus upon two several judgments recovered against the involved drainage district. The consideration for the liabilities adjudged is shown to be services rendered by the judgment creditors to the drainage district in connection with its organization, maintenance and reclamation activities. To satisfy such class of judgments as those here involved the proceeds of the drainage district reclamation tax are applicable. Section 1460 C. G. L., 1107 R. G. S.; State, *ex rel.* Vans

Agnew, v. Johnson, 112 Fla. 7, 150 Sou. Rep. 111. It is not alleged or shown by way of defense that the power of the respondent drainage district to levy, under the statute, a sufficient reclamation tax to pay the two judgments has been exhausted. Nor can the validity of the claims themselves underlying the judgments sued on be now challenged in view of the conclusiveness of the judgments as adjudicated liabilities of the district.

So the decision of this appeal must turn on the single proposition whether or not two judgment creditors of an indebted drainage district can jointly maintain mandamus to procure the levy of a single reclamation tax sufficient to pay two separate individual judgments against it.

The answer to the last stated proposition is to be found in the nature of the mandamus itself when sought to be employed as here used—namely, to coerce performance of legal duties on the part of the respondent drainage district that, if performed, will result in the payment of the district's outstanding judgment debts.

The fact that there is more than one judgment against the district or that more than one judgment creditor holds such judgments as are outstanding against the district, is therefore of little consequence.

The legal duty required to be performed in a case like this, as in law it ought to be, is to pay the district's outstanding indebtedness represented by any adjudicated liabilities against it. To accomplish that end, the levy of a sufficient tax to pay the district's indebtedness is a nonescapable duty that the law imposes on the respondent absent any mandamus at all.

When the duty to pay the district's debts involved in this case remained unperformed, it was the legal right of an injured judgment creditor to sue either singly or jointly

with other interested judgment creditors to coerce the performance of that duty, which was a single, but divisible one, resting on the district to pay its liabilities. Such duty, when duly performed, will result in the accomplishment of a single object sought to be achieved by the legal process of mandamus, namely, satisfaction of the judgment debts of the respondent district that in law ought to be provided for and paid in the course of a responsible management of the district's affairs on the part of the district supervisors.

Where the object of a writ of mandamus is to require the levy of a tax for the joint benefit of all relators in the writ who assert a common and single title to its benefits when collected, several relators holding separate and distinct judgments payable out of the single tax sought to be coerced in the proceedings may join in one suit to compel the required levy for the joint benefit of all, thereby promoting judicial convenience and saving unnecessary expense of litigation. Probable disputes in the division of the tax proceeds amongst the relators when and after the tax is collected, is a matter of no legal concern to the respondents, since they possess no lawful right to raise or interpose objections on that score insofar as the enforcement of the duty to make an appropriate tax levy is concerned. Davies v. Corbin, 112 U. S. 36, 5 Sup. Ct. Rep. 4, 28 L. Ed. 627; State, ex rel. Johnson, v. State Tax Collecteor, 39 La. Ann. 530, 2 Sou. Rep. 59; City of Clearwater v. State, ex rel. United Mutual Life Ins. Co., 108 Fla. 623, 147 Sou. Rep. 459; Humphreys v. State, ex rel. Palm Beach Co., 108 Fla. 92, 145 Sou. Rep. 858.

Judgment affirmed.

WHITFIELD, C. J., and ELLIS, TERRELL, and BUFORD, J. J., concur.

BROWN, J., concurs specially.

BROWN, J. (concurring).—If there was any technical error committed in respect to allowing the joint suit, it does not appear that it was in any way harmful or prejudicial in its nature.