J. W. CAMPBELL, J. S. SHOESMITH and PAUL MUELLER, as and comprising the Board of Supervisors of the New Smyrna DeLand Drainage District; and the New Smyrna DeLand Drainage District, a Florida Drainage District, v. State, ex rel. GEORGE PALMER GARRETT, as Administrator, cum testamento annexo de bonis non of the Estate of P. A. Vans Agnew, Sr., deceased; and GEORGE I. FULLERTON.

183 So. 340.

Opinion Filed July 28, 1938.

Rehearing Denied October 5, 1938.

*J. U. Gillespie,* for Plaintiffs in Error;

*George I. Fullerton* and *George P. Garrett,* for Defendants in Error.

CHAPMAN, J.—This cause is here on writ of error to a final judgment and peremptory writ of mandamus entered by the Circuit Court of Volusia County, Florida, on September 18, 1937. The final judgment directs the Board of Supervisors of the New Smyrna - DeLand Drainage District to levy a second or additional tax upon all the lands in the drainage district sufficient in amount to pay, when collected, the sum of $5,026.74, being the total amount due on two judgments of the plaintiffs. The parties to this cause in this opinion will be referred to as plaintiffs and defendants as they appeared in the lower court.

The alternative writ alleged that: * * *

"14. Thereafter, the said Board of Supervisors of the District, defendants herein, on July 3, 1936, adopted a certain resolution levying a tax to pay the principal and interest of the judgments held by relators. A true copy of

said resolution is attached to the petition, marked Exhibit No. 1 and prayed to be taken as a part thereof.

"15. Pursuant to the adoption of said resolution, the levy embraced therein was incorporated in the tax book of the drainage district for the year 1936 and the taxes levied against the various tracts in said district by virtue of said resolution were found to aggregate the sum of $5,574.04.

"16. Said levy was made against every tract in the District in proportion to the benefits assessed and not in excess thereof, as fixed by the plan of reclamation adopted by the district and confirmed by the proper Circuit Court, and in accordance with the assessment of benefits made by said District, and confirmed by the proper Circuit Court. * * *

"19. The said Tax Collector has collected an aggregate sum on the aforesaid levy made to pay the judgments in favor of Relators in the amount of $363.02, which has been remitted to the District, less a 1% collection fee of $3.63 for the commission due the Tax Collector, leaving the net proceeds of the said levy available for the payment of said Judgments the sum of $359.39.

"20. On the judgment held by relator George Palmer Garrett as administrator, etc., in the principal amount of $1,078.85, there has accrued interest of 6% from November 1, 1936, to June 1, 1937, in the amount of $37.73. On the judgment held by relator George I. Fullerton, in the principal sum of $3,515.97, there has accrued interest at 6% from November 1, 1936, to June 1, 1937, in the amount of $123.06. The total interest accrued on both judgments during said period is in the amount of $160.79. Deducting this accrued interest item from the total amount available now for payment on account of said judgments, namely, $359.39, there remains available to be applied on the sum

due on said judgments on November 1, 1936, the sum of $198.60. After deducting $198.60 from the amount due on said judgments on Nov. 1, 1936, namely, $5,225.34, there remains yet uncollected on said judgments the sum of $5,026.74. * * *"

One of the judgments involved in this suit was on appeal affirmed by this Court. (See State, *ex rel.* Vans Agnew, v. Johnson, 112 Fla. 7, 150 So. 111). The original resolution adopted by the Supervisors of the Drainage District providing for a levy on all the lands in the drainage district was the result of a peremptory writ of mandamus affirmed by this Court, when the following language was used: "To levy a sufficient tax upon the lands in the District to pay the judgment claims of relators, and, after making such levy, forthwith to do all acts, matters, things and proceedings necessary to be done in order to assess, *collect and disburse* the commanded taxes, to the end that the relators' judgments should be fully and promptly paid, as by law they ought to be." See Campbell v. State, *ex rel.* Garrett, 124 Fla. 244, 168 So. 33.

The defendants in their return to the alternative writ served on them in this suit, contended that a peremptory writ should not issue herein because: (a) the defendants paid to plaintiffs through the Tax Collector of Volusia County, Florida, all moneys collected under the 1936 levy on all the lands located in the drainage district; (b) the district has no power to make an additional or second levy for payment of the judgments as the first levy exhausted its said power; (c) defendants should be allowed time in which to foreclose the 1936 levy, now existing liens, and from the proceeds therefrom pay the said judgments according to the commands of the original peremptory writ.

Drainage districts organized under the general laws of Florida have limited power to assess and collect taxes. It

was so intended by the Legislature in making provision for their organization by statute and limiting the power of taxation to the items enumerated in the statutes. The power to assess and collect taxes is limited to the benefits accruing to the land located within the drainage area and the theory of benefits is that the land will be made more suitable for or adapted to the purpose for which the district was organized, thereby increasing the value of the lands reclaimed.

Section 1460, C. G. L., grants, after the drainage district has been lawfully organized, the power to levy a reclamation tax of not exceeding fifty cents per acre of the drainage district for the purpose of defraying organization costs. The items necessary to be paid are fully enumerated therein. Section 1467 C. G. L. provides for the levy and collection of a benefit tax on the lands in the district to be used to pay the "costs of the completion of the proposed work and improvements." The Board of Supervisors has power to borrow money to meet all emergencies, and to issue notes and bonds and pledge the assessments for their payment. The judgments here were for legal services of attorneys at law, rendered in behalf of the drainage district which could be paid out of the reclamation tax or the uniform acreage tax. See State, *ex rel.* Vans Agnew, v. Johnson, 112 Fla. 7, 150 So. 111. The power of the Legislature to create drainage districts was sustained by this Court in the case of Lainhart v. Catts, 73 Fla. 735, 75 So. 47.

Section 1468 C. G. L. provides for the levy of annual installments of taxes by the Board of Supervisors of the District which shall be collected at the same time that State and County taxes are collected by the Tax Collector of the county where the district is located. The Collector is provided with a "drainage tax book" which shall contain full and complete information as to the lands in the drainage district. He is required to give bond to the Supervisors

of the district conditioned for a full accounting of all drainage taxes by him collected.

Section 1472 C. G. L. provides that all drainage taxes, penalties, and costs of collection, including a reasonable attorney's fee, shall from the date of assessment until paid constitute a lien upon the lands of the district, while Section 1473, C. G. L., provides the procedure to follow in the foreclosure of the said liens.

The Board of Supervisors, in complying with the commands of the peremptory writ, affirmed by this court, by resolution provided for an assessment sufficient to pay the amount of plaintiffs' judgments. The amount was assessed but the same was only partially paid by the land owners of the district and liens were established by operation of law on the lands of the district for the levy, except on lands where the assessments were paid. The answer or return as made by the defendants to the alternative writ is that the defendants should be allowed time in which to foreclose the liens obtained by virtue of said levy and from these liens pay or cause to be paid to the plaintiffs the balance due on the said judgments, and Section 1473, C. G. L. provides the procedure to follow in reducing these liens to money.

The commands of the peremptory writ under which the levy was required provides: "To levy a sufficient tax upon the lands in the District to pay the judgment claims of relators, and, after making such levy, forthwith to do all acts, matters, things and proceedings necessary to be done in order to assess, collect and disburse the commanded taxes, to the end that the relators' judgments should be fully and promptly paid, as by law they ought to be." From the return it appears that defendants are now engaged in an effort to comply with the commands of the writ and in so doing are required to follow the statutes, *supra*.

A writ of mandamus is issued only to require the performance of a plain official duty on the part of the respondents. See State, *ex rel.* Board of Commissioners, v. Helseth, 104 Fla. 208, 140 So. 655.

It is well established fundamental principle of law of mandamus that the writ will never be granted in cases where, if issued, it would prove unavailing, or when compliance with it would be nugatory in its effect, or would be without beneficial results and fruitless to the relator. See Davis, Atty. Gen'l, *ex rel* Taylor, v. Crawford, 95 Fla. 438, 116 So. 41.

It is axiomatic that the writ will not be allowed in cases of doubtful right, but it must appear, among other things, as a prerequisite to the issuance of the writ, that the relator has a clear legal right to the performance by the respondent of the particular duty in question. See State, *ex rel.* Palmer, v. Gray, Judge, 92 Fla. 1123, 111 So. 242; State v. Florida East Coast R. Co., 69 Fla. 165, 67 So. 906; Merchants' Broom Co. v. Butler, 70 Fla. 397, 70 So. 383; Leatherman v. Schwab, 98 Fla. 885, 124 So. 459; State v. Greer, 88 Fla. 249, 102 So. 739; 37 A. L. R. 1298; Welch v. State, 85 Fla. 264, 95 So. 751; Myers v. State, 81 Fla. 32, 87 So. 80; Johns v. County Comm'rs, 28 Fla. 626, 10 So. 96; Davis v. Crawford, 95 Fla. 438, 116 So. 41; State v. Atlantic Coast Line R. Co., 53 Fla. 650, 44 So. 213, 13 L. R. A. (N. S.) 320, 12 Ann. Cas. 359; State v. Amos, 100 Fla. 1335, 131 So. 122.

The record shows that the drainage district adopted a resolution during the year 1936 providing for a levy of a tax sufficient in amount to pay plaintiff's judgments. The levy was made and the land owners of the drainage district failed to pay the said levy, but a part was collected by the Tax Collector of Volusia County, Florida, and by him paid to the plaintiffs and by plaintiffs credited on the

amount due on the said judgments. The portion of the levy, *supra,* not paid was by the officials entered as liens against the lands as provided by statutes and the attorney for the drainage district has filed or will file suit to foreclose the liens, and from this money pay the judgments. Plaintiffs below insist that they are entitled, as a matter of law, to a second levy against the lands of the drainage district, regardless of the uncollected liens now in existence resulting from 1936 levy and set apart for the payment of the judgments.

The commands of the writ for the 1936 levy provided: "to do all acts, matters, things and proceedings necessary to be done in order to assess, *collect and disburse* the commanded tax to the end * * * that the *judgments be fully and promptly paid."* See Campbell v. State, *ex rel.* Garrett, 124 Fla. 245, 168 So. 33. The answer or return made by the defendants to the alternative writ was that the writ, *supra,* was by the defendants being complied with; that efforts were being made to collect the tax liens, *supra;* suits had been filed, or would be filed; that sufficient time has not been allowed to collect the same, and that plaintiffs were not legally entitled to the second levy until the liens of the first or 1936 levy had been collected. There is no certificate of performance in the record by the defendants. It appears from this state of the record that plaintiffs should not be granted a peremptory writ commanding a second levy until the liens created by the first or 1936 levy are reduced to cash and paid on the said judgments by the said defendants. The judgment appealed from is reversed.

ELLIS, C. J., and WHITFIELD, BROWN, and BUFORD, J. J., concur.