59 So.2d 360 (1952)
GARVIN et ux.
v.
BAKER, Mayor, et al. (two cases).
Supreme Court of Florida, Special Division B.
May 30, 1952.
Rehearing Denied June 26, 1952.
*361 Mizell & Carmichael, West Palm Beach, for appellants.
Russell O. Morrow, West Palm Beach, for appellees.
MATHEWS, Justice.
There are two appeals from separate judgments in two mandamus suits between the same parties and relating to the same subject matter. An opinion in one case could not be written without referring to some of the matters in the other case and it is more expedient to write one opinion controlling both cases.
With reference to mandamus proceedings there are certain well-established fundamental principles and these principles are applicable to each of these cases.
The granting of the writ of mandamus is largely discretionary in the Court of original jurisdiction. It is not a matter of right. See State ex rel. Elston Bank & Trust Co. v. Sholtz, 122 Fla. 333, 165 So. 670; Tampa Water Works Co. v. State ex rel. Tampa, 77 Fla. 705, 82 So. 230.
The writ of mandamus will not be allowed in cases of doubtful right. The legal right of the relator to an order compelling the performance of some particular act must be clear and complete. See Campbell v. State ex rel. Garrett, 133 Fla. 638, 183 So. 340; State ex rel. Long v. Carey, 121 Fla. 515, 164 So. 199.
These cases involve the refusal of the Board of City Commissioners of Lake Worth to approve certain plats or maps of property within the City of Lake Worth so that the same could be filed and recorded with the Clerk of the Circuit Court of Palm Beach County. Where the law confers discretionary authority upon officials or boards and makes the exercise of such discretion a prerequisite to action taken, such action or discretion will not be controlled by mandamus unless the discretion conferred is abused and illegally violates the rights of complaining parties. Nelson v. Lindsey, 151 Fla. 596, 10 So.2d 131. Mandamus will lie to compel an administrative board to act but it will not lie to control the discretion of such board. *362 City of Miami Beach v. State ex rel. Ross, 141 Fla. 407, 193 So. 543; State ex rel. Long v. Carey, supra.

Case No. 1
After a motion filed by the appellees to quash the alternative writ was denied, they filed their return and the case proceeded to trial. The testimony was taken and thereafter the Court entered the following Final Judgment:
"This cause was duly tried before the Court.
"Plaintiff seeks a peremptory writ of mandamus to require the City Officials to approve a proposed plat for a real estate subdivision in Lake Worth. The City declines, on the ground that a city ordinance requires a street to be conformable, as nearly as practicable to existing streets, and on the ground that the lots are too shallow in depth, which will establish an undesirable precedent for adjoining platted lands.
"It seems to be clear that the municipality only has the power to control a proposed platting of this sort, when there are conditions of public health, welfare or safety involved. Merely because the owner might erect homes upon the property of an architectural type or size or appearance out of keeping with those in the area, would not warrant any action on the part of the City, even though requested by many property owners in the vicinity.
"Should the City desire to effectuate some sound public policy within its authority, this should be done, by duly enacted ordinances setting up standards to guide a citizen in carrying on his affairs. Otherwise, a citizen could act only subject to the unknown and uncertain views of a public official or several public officials, as expressed from time to time.
"All of the streets east of U.S. Highway No. 1 in the proximity of this street, have a width of sixty feet. The City officials state that modern planning requires a street of this width in this part of town. The Court does not consider that the City has abused its discretion in this matter, in requiring that this particular proposed street have a width of sixty feet. The Court further holds that the objection on the part of the City, on this evidence, to the depth of seventy-five feet for each lot, does not appear justified, particularly in the absence of some appropriate ordinance, because it does not here appear that the public safety, welfare or health of the people would be endangered by such a depth."
It will therefore be observed that the able Circuit Judge did not pass upon any zoning law with reference to the depth or length of lots, but he did pass upon the authority of the City by ordinance to require streets to be conformable as nearly as practicable to existing streets. The Court held that the City had not abused its discretion in requiring the streets shown upon the plat to have a width of sixty feet in conformity with other street with which it connected. There was no error in this finding by the Circuit Judge, or in the entry of the final judgment.
It requires no citation of authority to establish the fact that a wide street changing into a narrow street, or a narrow street changing into a wide street, constitutes a hazardous traffic condition. Accidents are happening upon the highways every day where the width of a road or street is suddenly changed, or a wide road runs into a narrow bridge. The changing of the width of streets and roads involves the public welfare and safety to a high degree, and public authorities having jurisdiction of such matters have a duty to perform in order to protect the public from hazardous and dangerous traffic conditions.
After the entry of the final judgment on the 14th of March, 1951, the appellants on the 22nd of March, 1951, filed a motion for leave to amend the alternative writ in which they sought to show that subsequent to the entry of the final judgment, their plat had been revised and amended and had again been presented to *363 the Board of Commissioners of the City of Lake Worth, and that the Board had again refused to approve the said plat. The notification of such refusal was contained in a letter to the attorney for the appellants, reading as follows:
"This is to inform you of the action of the City Commission on March 12, 1951, in regard to `Galinda' 
"`This plat is rejected because it is contrary to the ordinance of the City of Lake Worth, Fla.'
"If you should desire additional information, you may feel free to contact this office, the City Attorney or the Building Inspector.
 "Yours very truly,
 s/ W.F. Clark
 W.F. Clark
 City Manager"
On the 27th day of March, 1951, the Circuit Judge made an order upon the motion for leave to file an amended writ of mandamus, reading as follows:
"This cause was duly presented by counsel for the parties upon the plaintiffs' motion for leave to file an amended writ of mandamus, which motion was filed March 22, 1951.
"Apparently a consideration of an amended alternative writ of mandamus now sought to be issued after the Final Judgment would present entirely new questions of law and of fact which were not determined during the trial of the case on the merits.
"It would therefore appear more appropriate that these new matters be considered in a new suit.
"Thereupon, it is ordered that the plaintiffs' motion for leave to amend alternative writ of mandamus be denied, without prejudice."
The entry of the above order is assigned as error. There was no showing in the motion for leave to amend that the revised plat was not contrary to the ordinance of the City of Lake Worth, or that the ordinance of the City of Lake Worth was unreasonable and arbitrary, or that the appellants sought any additional information from the City Attorney or the Building Inspector with reference to the ordinance mentioned in the above quoted letter. Granting of leave to amend under the circumstances shown by this case was in the sound judicial discretion of the trial Judge, and there was no abuse of his discretion. There is no merit in this assignment of error.
Appellants contend that the refusal of the Board of City Commissioners to approve the plat or map is equivalent to taking their property without due process of law. There is no merit in this contention. This question is more fully covered in that part of the opinion covering Case No. 2.
We have carefully considered all other assignments of error as to Case No. 1, and they are without merit.

Case No. 2
On the 30th day of March, 1951, the appellants filed their second petition for an alternative writ of mandamus. It is unnecessary to recite all of the preliminary motions and orders in this case. From the petition for alternative writ, the return to the alternative writ, and the testimony taken before the trial Judge, the following facts appear to be uncontroverted:
Immediately after the entry of the final judgment in the first suit, the City Commission of Lake Worth duly passed an ordinance, part of which reads as follows:
"As a minimum requirement for streets, avenues and sidewalks, a plat shall dedicate a width at least 60 feet, with at least 6 feet on each side thereof for sidewalks and the remainder for street and curb purposes. No lot shall be platted which is less than 50 feet in width nor less than 100 feet in depth. Depth shall be measured at right angles to the street adjacent to said property. The depth of corner lots shall parallel the depth of inside lots. All dead end streets shall show a turning circle or sufficient diameter to properly accommodate modern vehicles, or shall show other adequate space for the turning of vehicles."
*364 After the passage of the above mentioned ordinance, the appellants submitted their revised plat to the City Commission in which they had changed the width of the street from fifty feet to sixty feet and made changes in the depth of the lots to conform to the new width of the street. Approval of this plat was refused upon the ground that it did not comply with the ordinance of the City. This refusal is evidenced in a letter dated the 13th day of March, 1951, herein set forth in full in that part of the opinion dealing with Case No. 1.
After the taking of considerable testimony, the Court made the following final judgment:
"This cause was duly tried by the Court.
"Plaintiffs, as property owners, seek to require the defendants by mandamus, to approve filing of a plat of proposed subdivision which indicates lots of a depth of 70 feet, contrary to the provisions of the municipal zoning ordinance of the Town of Lake Worth, which requires that lots have a depth of at least 100 feet.
"Plaintiffs contend that the ordinance as applicable to their property, is unreasonable and unconstitutional as a deprivation of their property without due process of law.
"From the evidence the Court finds that the ordinance is not unreasonable, and the showing is not sufficient to clearly establish the unconstitutionality of the zoning ordinance in this respect. Thereupon,
"It is ordered that judgment be entered for the defendants; that the defendants go hence without day and that the costs of this cause be taxed against the plaintiffs."
Appellants made a motion for a new trial which was denied by the trial Judge. This appeal is prosecuted from the final judgment and the order denying the motion for new trial.
It will be observed that the principal question determined by the trial Judge was that the ordinance in question was not unreasonable and did not deprive appellants of their property without due proccess of law.
In addition to the powers vested in the City of Lake Worth by the General Law, Chapter 176.02, F.S.A., the City Charter, subparagraph (38) of Section 3 of Chapter 25962, Laws of Florida, Special Acts of 1949, provides as follows:
"(38) Power To Zone City. To provide regulations and restrictions governing the height, number of stories, and size of buildings and other structures, the percentage and portion of lot that may be occupied, the size of yards, courts, and other open spaces".
There was no error in the order of the trial Judge holding the ordinance in question to be reasonable and as not depriving the appellants of their property without due process of law. See Forde v. Miami Beach, 146 Fla. 676, 1 So.2d 642; State ex rel. Office Realty Co. v. Ehinger, Fla., 46 So.2d 601.
Although this second case involves the reasonableness of a zoning ordinance regularly adopted by the City in the manner provided by law under the police power, it involves the further question of the approval or disapproval of a plat or map as a prerequisite for recording in the office of the Clerk of the Circuit Court. Quite frequently the approval of maps or plats involves the offer to dedicate streets and the acceptance of the offer by public authorities. The zoning ordinance with reference to plats showing the width of streets, the width and depth of lots, the establishment of building lines, the number and kind of dwellings upon such lots, is exercised under the police power. It is the duty of public authorities in municipalities to protect the safety, the health and the general welfare of the citizens. This duty involves sanitary and health regulations, the number of septic tanks in a given area, sewerage disposal, the elimination of fire hazards, and many other activities. The size of lots upon which a one-family, two-family, or four-family, building may be erected is a subject for police regulation and when not unreasonable, such regulations do not deprive *365 a person of his property without due process of law.
The mere refusal to approve a map or a plat so that they cannot be recorded does not deprive a person of his right to sell his property or to use it. The regulation as to use is one thing and the right to sell is another. It is not necessary that a plat or a map of a person's property showing lots and blocks be recorded before it can be sold. It may be more convenient to sell by lots and blocks as was shown by a recorded plat, but he may sell it by the inch, the foot, or the yard, and describe it by metes and bounds.
We have considered all of the other assignments of error in Case No. 2 and they are without merit.
The brief for the appellants in Case No. 2 contains statements of fact and discussions of opposing counsel and the Circuit Judge not justified by the record.
We call particular attention to what was said by this Court in the case of Jones v. Griffin, 103 Fla. 745, 138 So. 38, on page 40 of the text:
"We deem it pertinent in disposing of this case to call attention to the fact that portions of the brief filed by the appellants * * *, violates the rule laid down by this court in State [ex rel Burleridge] v. Call, 41 Fla. 450, 26 So. 1014, 1016, 79 Am.St.Rep. 189, wherein it was said that briefs must be couched in language respectful to the judge below, the attorneys, and all other persons mentioned therein.
"It is probable that no real offense to either court or counsel was intended by counsel for the appellants, whose sincere conviction in the justice of her position has led to an able presentation of her cause which appears to have resulted in hasty and ill-advised statements in the brief which we do not believe would have been included on more mature and deliberate reflection. For this reason we deem a simple admonition a sufficient corrective for the violation of our rules above referred to. Every brief filed in this court should contain a dignified and orderly presentation by counsel of the law and facts of the case, without criminations or recriminations against opposing attorneys or the court, whether any personal offense is intended thereby or not. This requirement should not be lost sight of in the commendable enthusiasm of partisan advocacy usually found where counsel feel a real interest in the result of their arguments."
We also call attention to the case of Northern Investment Corp. v. Cannon, 127 Fla. 483, 173 So. 273, in which this Court struck from the files the appellee's brief because it contained scandalous and impertinent matter which violated the rules of this Court.
Affirmed as to each case.
SEBRING, C.J., and TERRELL and ROBERTS, JJ., concur.