PER CURIAM.
This is an appeal from a summary final judgment of foreclosure. The trial judge has fully set forth the circumstances and his decision thereon in the following excerpt from the final judgment:
“At the hearing on the 27th day of January, 1977, Defendants, ESTHER C. KLEBER and ROSEMARIE KLEBER, argued that if the mortgage which is the subject matter of this foreclosure action resulted in a judgment and public sale, an illegal subdividing would result as to Lot 13 of Block .3, of OMNI ESTATES SECOND ADDITION, thereby violating Chapter 28 of the Dade County Municipal Code governing subdivisions and plats. Subject mortgage encumbers not only Lot 14, Block 3, of OMNI ESTATES SECOND ADDITION, but also a ten-foot strip of Lot 13 of Block 3 of OMNI ESTATES SECOND ADDITION, said strip being adjacent to the dividing lot line. It was conceded by both counsel for Plaintiff and counsel for Defendants KLEBER at that hearing that when subject mortgage was executed and placed of record, Defendants W. P. UHLER and ANGELIA UHLER, his wife, were the titleholders to both Lots 13 and 14, and that subsequently, Lot 13 was conveyed by the UHLERS to Defendants, ESTHER C. KLEBER and ROSEMARIE KLEBER. No issues of material fact were raised by counsel and no affidavits were filed in this cause by any Defendants controverting the affidavit filed by Plaintiff. Furthermore, no facts were proffered at the hearing which would constitute a material issue of fact. After reviewing the applicability of Chapter 28 of the Dade County Municipal Code, this Court is of the opinion that the Affirmative Defenses raised by said ESTHER C. KLEBER *859 and ROSEMARIE KLEBER are not well taken and are without legal merit.”
We affirm. See Garvin v. Baker, 59 So.2d 360 (Fla.1952); and Kass v. Lewin, 104 So.2d 572 (Fla.1958).
Affirmed.