PER CURIAM.
The petition for writ of mandamus filed by the pro se prisoner is denied. Petitioner requests that this court order the lower court to rule on a motion to transcribe various parts of the criminal proceeding which resulted in his conviction and sentence. The petition does not include a copy of the motion nor does it state that he has filed any motion for post-conviction relief for which the transcripts are necessary, which is a prerequisite to the trial court’s consideration of any motion for transcription. See Carr v. State, 495 So.2d 282 (Fla. 2d DCA 1986). Instead the petitioner simply alleges that he needs portions of the transcript so he will be able to “adequately perfect a meaningful attack on his judgment and sentencing.” A record need not be provided merely to allow a prisoner to comb through it with the hope of discovering some flaw, Carr, at 282, quoting, Cassoday v. State, 237 So.2d 146, 147 (Fla. 1970). Until the trial court has before it a motion attacking the judgment or sentence to which transcripts may be relevant, the trial court has no duty to rule on the premature motion, and mandamus will not be granted if its issuance would prove unavailing. See Campbell v. State ex rel. Garrett, 133 Fla. 638, 183 So. 340 (Fla.1938). The petition is therefore legally insufficient to grant the relief requested.
DELL, C.J., and WARNER and PARIENTE, JJ., concur.