PER CURIAM.
Michael Edward Goggins filed a petition for writ of mandamus requesting that this court compel the trial court to grant his “motion for necessary transcripts” for possible use in a petition for habeas corpus. We deny the petition for writ of mandamus.
This court affirmed Mr. Goggins’ murder conviction on direct appeal in 1992. Goggins v. State, 603 So.2d 1280 (Fla. 2d DCA 1992). His counsel in that appeal filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Mr. Gog-gins generally alleges in his petition for writ of mandamus that his trial attorney moved to withdraw and that Mr. Goggins requested self-representation at two preliminary hearings. The trial court denied both requests, and his appellate counsel failed to raise these potential issues in the Anders brief. As a result, Mr. Goggins intends to file a petition for writ of habeas corpus alleging that his appellate counsel was ineffective.[1] He contends that he needs to have the court reporter prepare transcripts of the two preliminary hearings in order to file that petition.[2]
Beyond the record utilized in the direct appeal, a prisoner is not entitled to free transcripts to assist in the preparation of a postconviction motion or a petition for extraordinary relief. See Brown v. Vocelle, 630 So.2d 1257 (Fla. 4th DCA 1994); Ridge v. Adams, 643 So.2d 116 (Fla. 5th DCA 1994). If Mr. Goggins cannot afford to pay a court reporter to transcribe these hearings, any petition for habeas corpus must be filed in this court without the benefit of those transcripts. In the event that such a petition is filed, it is this court’s function, rather than the trial court’s, to determine what, if any, additional material is required to rule upon the petition.
Petition for writ of mandamus denied.
PARKER, A.C.J., and ALTENBERND and LAZZARA, JJ., concur.

. We note that our court records reveal Mr. Goggins was given an opportunity to file a brief in his direct appeal and did not raise these issues at that time.

. Apparently, the two transcripts were not transcribed for purposes of the direct appeal.