870 So.2d 167 (2004)
Max Ray GOLDEN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-3756.
District Court of Appeal of Florida, Second District.
January 28, 2004.
PER CURIAM.
Max Golden appeals the trial court's dismissal of his pro se motion for copies of transcripts to be provided by the clerk of the circuit court free of charge and the denial of his pro se motion to accredit jail time. We affirm the dismissal of the motion for transcripts. However, we reverse the denial of the motion to accredit jail time and remand for the trial court to strike the motion as unauthorized since Golden's direct appeal of his judgment and sentence is still pending in this court.
Beyond the record provided for a direct appeal, Golden is not entitled to free transcripts to assist in the preparation of either a postconviction motion or a petition for extraordinary relief. Goggins v. Pinellas Co., Cir. Ct. of Sixth Jud. Cir., 685 So.2d 1334, 1335 (Fla. 2d DCA 1996). As the trial court pointed out in its dismissal order, the transcripts requested are a part *168 of the record for his direct appeal. Golden is not entitled to anything more.
A motion to credit jail time is normally a motion authorized by Florida Rule of Criminal Procedure 3.800(a). Hines v. State, 842 So.2d 999, 1000 (Fla. 2d DCA 2003). However, rule 3.800(a) prohibits the filing of such a motion during the pendency of a direct appeal. See Day v. State, 770 So.2d 1262 (Fla. 1st DCA 2000) (holding that effective January 13, 2000, a party may not file a rule 3.800(a) motion during the pendency of a direct appeal).
Since Golden filed his motion during the pendency of the direct appeal of his judgment and sentence, Golden's motion was unauthorized. Therefore, the order of the trial court denying the motion must be reversed and, on remand, the motion should be stricken as unauthorized. However, once this court decides Golden's direct appeal and issues a mandate, if Golden seeks further relief, he may file a rule 3.800(a) motion raising the same issue.
Affirmed in part, reversed in part, and remanded.
WHATLEY, STRINGER, and SILBERMAN, JJ., Concur.