The petitioners, certain members of the Florida Senate acting in their capacity as senators, filed an emergency petition for a writ of mandamus, which seeks to compel the Florida House of Representatives to reconvene and continue the 2015 regular legislative session until the conclusion of the session at midnight on May 1, 2015. The petitioners contend that the action of the House in unilaterally adjourning sine die at 1:15 p.m. on April 28, 2015, was contrary to the requirements of article III, section 3(e) of the Florida Constitution.
The petitioners, who filed their petition at approximately 3:20 p.m. on April 30, 2015, have failed to show that in the circumstances presented here, the issuance of a writ of mandamus would produce any beneficial result. See State ex rel. Ostroff v. Pearson, 61 So.2d 325, 326 (Fla.1952) (“It is [a] well-established fundamental principle of the law of mandamus that the writ will never be granted in cases when, if issued, it would prove unavailing, or when compliance with it would be nugatory in its effects, or would be without beneficial results and fruitless to the relator.” (citing Campbell v. State ex rel. Garrett, 133 Fla. 638, 183 So. 340 (1938); Davis ex rel. Taylor v. Crawford, 95 Fla. 438, 116 So. 41 (1928); Pippin v. State, 73 Fla. 363, 74 So. 653 (1917))). Accordingly, the emergency petition for writ of mandamus is hereby denied.
LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur. ■
PARIENTE, J., concurs with an opinion, in which LABARGA, C.J., and. LEWIS, QUINCE, and PERRY, JJ., concur.
CANADY, J., concurs with an opinion, in which POLSTON, J., concurs.