FREDERICK C. ROACH, AS CHIEF OF POLICE OF THE CITY OF JACKSONVILLE, *Plaintiff in Error,* v. FRED EPHREN, *Defendant in Error.*

## Opinion Filed December 20, 1921.

1. There is no express limitation of the power of the legislature to provide for a tax on licenses, but the organic requirements of due process and equal protection of the laws should be observed in levying or in authorizing the levy and collection of license taxes.

2. Every act of a municipality through its ordinances should be within the powers expressly or impliedly conferred, should be based upon a proper classification of subjects, should be reasonable and applicable alike to all under practically similar conditions and circumstances, and should not violate any provision or principle of law.

3. In exercising the express authority "to prescribe the jurisdiction and powers" of municipalities, the legislature is not empowered to confer upon municipalities authority to impose any and all license taxes within the municipality that the Legislature could enact for State purposes.

4. The reasonableness of a statute is not open to judicial review unless organic law is thereby violated; but the reasonableness of a municipal ordinance is subject to judicial determination.

5. Even if a municipal license tax of $2,500.00 imposed on wholesale peddlers, when considered with the license tax of $75.00 imposed on retail peddlers, is not so arbitrary and excessive as to amount to a denial to the former of the equal protection of the laws, the wholesale peddler's license tax is clearly unreasonable, in that no question of public health, morals or safety being involved, the difference in the license tax imposed on wholesale peddlers and retail peddlers is so great that it can have no fair relation to differences between the business done by the two peddlers.

6.  The charter powers of a city "to restrain and punish the forestalling and regrading of provisions," does not warrant an arbitrary and grossly unreasonable discrimination in imposing license taxes.

A Writ of Error to the Circuit Court for Duval County; Daniel A. Simmons, Judge.

Affirmed.

*P. H. Odom, L. S. Gaulden* and *L. W. Strum,* for Plaintiff in Error;

*Miles W. Lewis,* as *Amicus Curiae.*

WHITFIELD, J.—In *habeas corpus* proceedings it appears that Fred Ephren was held in custody under a conviction in the municipal court of the City of Jacksonville, Florida, for violating a city ordinance imposing a penalty of fine or imprisonment for conducting the business of a wholesale peddler without first obtaining a $2,500.00 license therefor; that the ordinance defines a wholesale peddler to be one who engages in selling produce, vegetables or fruit to others than the consumers from a vehicle or other than a fixed place of business, provided producers may sell produce grown or produced by themselves; that retail peddlers are required to pay a license tax of only $75.00. In discharging the petitioner from custody the court incorporated in its judgment the following:

"(1) It is found that the license tax of $2,500.00 imposed by ordinance upon wholesale peddlers of produce, vegetables and fruit is so grossly excessive as to render the said ordinance void, being far in excess of the entire annual earnings of people engaged in such business.

·"(2) That the wholesale peddling of produce, fruit and vegetables is not such a business as to be a nuisance *per se,* but in all respects a lawful exercise of the rights of citizenship, the streets being used not for hawking and crying wares, but merely as arteries of travel from wholesale houses to retail houses."

A writ of error was allowed and taken ·by the officer under the statute.

The constitution ordains that "the Legislature may provide for levying * * * a tax on licenses." Sec. 5, Art. IX. There is no express limitation of the power of the Legislature to provide for a tax on licenses, but the organic requirements of due process and equal protection of the laws should be observed in levying or in authorizing the levy and collection of license taxes.

Every act of a municipality through its ordinances should be within the powers expressly or impliedly conferred, should be based upon a proper classification of subjects, should be reasonable and applicable alike to all under practically similar conditions and circumstances, and should not violate any provision or principle of law. Hardee v. Brown, 56 Fla. 377, 47 South. Rep. 834.

Chapter 5065, Acts of 1901, amending the Charter of the City of Jacksonville, contains the following:

"The Mayor and City Council are hereby authorized to levy and impose license taxes for municipal purposes upon any and all occupations and upon any and all privileges, and to grade and fix the amounts to be paid, as fully and to the same extent and in the same manner that the Legislature could impose such licenses and taxes for State purposes, and without regard to any of the provisions of any

general revenue law of this State not specifically repealing this act.''

Counsel for the city contends that ''there can be no question but that the council under the unlimited authority vested in it by the Act of 1901 had full power to impose this license upon wholesale peddling and to fix the amount at $2,500.00, and in fact we are not properly concerned with the fact that it may or may not be prohibitive or extortionate in amount. That is a matter of discretion vested in the council with which the courts will not interfere.''

The organic provision that ''The Legislature shall have power to establish and to abolish municipalities, to provide for their government, to prescribe their jurisdiction and powers, and to alter or amend the same at any time,'' does not authorize the Legislature to confer upon municipalities ''the legislative authority of this State'' which is ''vested in a Senate and House of Representatives,'' which shall be designated, ''The Legislature of the State of Florida.'' In exercising the express authority ''to prescribe the jurisdiction and powers'' of municipalities, the Legislature is not empowered to confer upon municipalities authority to impose any and all license taxes within the municipality that the Legislature could enact for State purposes.

The reasonableness of a statute is not open to judicial review unless organic law is thereby violated; but the reasonableness of a municipal ordinance is subject to judicial determination.

Even if the license tax of $2,500.00 imposed on wholesale peddlers when considered with the license tax of $75.00 imposed on retail peddlers, is not so arbitrary and

excessive as to amount to a denial to the former of the equal protection of the laws, the wholesale peddler's license tax is clearly unreasonable, in that no question of public health, morals or safety being involved, the difference in the license tax imposed on wholesale peddlers and retail peddlers is so great that it can have no fair relation to differences between the businesses done by the two peddlers.

The charter powers of the city "to restrain and punish the forestalling and regrading of provisions," does not warrant an arbitrary and grossly unreasonable discrimination in imposing license taxes.

Affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.