STATE *ex rel* J. D. Hogan v. JOHN H. SPENCER, as Chief of Police of the City of Ocala

190 So. 506
Division A
Opinion Filed July 11, 1939
Rehearing Denied July 29, 1939

*Frank R. Greene,* for Plaintiff in Error;
*W. Robert Smith,* for Defendant in Error.

THOMAS, J.—In response to a writ of habeas corpus issued on the petition of J. D. Hogan, the respondent, chief of police of Ocala, filed his return representing that he held the petitioner in custody pursuant to a judgment of Recorder's Court adjudging him guilty of having meat, in a market operated by him within one mile of the city limits, which did not bear the inspection stamp of the meat in-

spector of the city or the one required by federal law governing interstate shipments.

The return referred to a paragraph of the petition for identification of the ordinance in question which prohibits the keeping of any meat in a store or market in the city or within a mile thereof unless it "has been passed on and bears the stamp of inspection provided by the laws of the United States of America governing interstate shipments of meats or has been passed on and bears the stamp of the City Meat Inspector of the City of Ocala."

The petitioner, plaintiff in error here, concedes the right of the municipality to regulate the sale of meat, in the city and the territory within one mile of the corporate limits, under the Charter (Sec. 1, Chapter 7676, Laws of 1917) but claims that the ordinance is discriminatory because a former one dealing generally with the inspection and sale of meats contains a provision for examination of carcasses "offered for sale" in the city and fixing charges therefor but not specifying that it applies to the area without the city limits.

It is asserted that because of this construction consumers in the outside territory would not be given the same protection as those within the city for the reason that peddlers could sell their products to the former without the precaution necessary to sales to the latter and that there is no duty to inspect the meat of the butcher who does not maintain his shop in the city.

We cannot follow this line of reasoning. Perusal of the two ordinances leads us to the definite conclusion that they were intended to establish the very wise policy of preventing sale of impure food in the territory affected. The principal distinction between them is that one (the earlier) refers to meats "on hand for the purpose of sale," the other (the later) to "meat in any store," whether kept for sale or not. It is true that Section 16 of the original enactment reads:

"Carcasses * * * to be offered for sale in the city * * * shall be brought for inspection to such inspection station as designated * * * by the City Council * * * and the * * * inspector shall charge" certain fees, but there appears no reason why it would be any unreasonable hardship for a storekeeper located in the added territory to comply with this requirement.

We cannot see the relevancy to this controversy of petitioner's argument that the effect of a provision that meat offered for sale in the city shall be inspected means that if sold outside it need not be, hence there is such discrimination that the whole plan must fall.

Though "The reasonableness of a statute is not open to judicial review unless organic law is thereby violated" and "the reasonableness of a municipal ordinance is subject to judicial determination," Roach v. Ephren, 82 Fla. 523, 90 South. Rep. 609, there is nothing in the record to convince us that petitioner may not present his meat for inspection and keep it in his market without interference by the authorities precisely as he could do were his business situated in the center of the city.

The order remanding petitioner to custody is affirmed.

So ordered.

TERRELL, C. J., and BUFORD, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.