**LORAINE SAUNDERS BROWN v. OLGA B. FOLEY and THE CITY OF MIAMI, a municipality of and in Dade County, Florida.**

29 So. (2nd) 870            January Term, 1947

April 15, 1947            En Banc

*Vincent C. Giblin,* for appellant.

*J. W. Watson, Jr.,* and *Franklin Parson,* for appellees.

*Gramling & Gramling,* for Amicus Curiae.

ADAMS, J.:

Appellant filed a bill for a declaratory decree under Chapter 87, Fla. Stat., 1941, F.S.A., testing the validity of a municipal ordinance of the City of Miami. The ordinance reads:

" . . . 'no female shall be employed for the purpose of, or permitted, *to serve any liquor by the drink over any bar or counter.' . . .*" (Italics supplied.)

Appellant, a woman, alleges that she is a skilled bartender and that she will be deprived of valuable rights in the continuance of her trade if the above ordinance is valid; that subsequent to the effective date of the ordinance she entered into a contract (not shown to be in writing) with appellee Foley to work for her as a bartender in the City of Miami; that she is in doubt of her rights under the quoted ordinance.

The City moved to dismiss the bill because the contract of employment was not in writing by reason whereof she was not authorized to avail herself of the remedy chosen under this statute. The other challenge to the bill asserted the validity of the ordinance.

The chancellor dismissed the bill and on appeal we will decide the two questions presented by the motion to dismiss.

We hold the appellant is entitled to the remedy under Chapter 87 otherwise known as the Declaratory Decree statute. It is true her contract of employment was not in writing, nevertheless the instrument, of which she is in doubt, is the municipal ordinance which is expressly covered by the statute.

We also hold with appellant on the second question. In a large measure the City relies on our opinion, Nelson v. State, 157 Fla. 412, 26 So. (2nd) 60, wherein we declined to hold the ordinance bad. For emphasis we might repeat that we declined to hold ordinance bad as distinguished from holding it good. As was pointed out in that case, we had no female before the court contesting the issue. Then and there we served notice that in that event the question was still open.

In our opinion this ordinance is unreasonable as applied to this appellant. It recognizes that women may frequent bars and engage in every practice as men save and except that they shall not *serve liquor by the drink over the bar* notwithstanding they may mix and serve it otherwise.

A municipality only has power to enact reasonable ordinances. See Roach v. Ephren, 82 Fla. 523, 90 So. 609; Perry Trading Co. v. City of Tallahassee, 128 Fla. 424, 174 So. 854.

A lengthy dissertation on the application of this ordinance to females occupying appellant's status would serve no useful purpose in our opinion. We can see no sound reason in law to sustain the ordinance and we hold it void. It follows the decree appealed from is reversed with directions to enter a decree not inconsistent with this opinion.

Reversed.

THOMAS, C. J., TERRELL, BUFORD, CHAPMAN, and BARNS, JJ., and McNEILL, Associate Justice, concur.