59 So.2d 630 (1952)
CORAL GATES PROPERTIES, Inc. et al.
v.
HODES.
Supreme Court of Florida, Special Division B.
June 13, 1952.
Rehearing Denied July 17, 1952.
Pepper, Lefevre, Orr & Faircloth, Tallahassee, Claude Pepper, Miami, and Earl Faircloth, Tallahassee, for appellants.
Cushman, Gay & Woodard and F.E. Gotthardt, Miami, for appellee.
MATHEWS, Justice.
This is an appeal from a final decree in a suit brought under the provisions of Chapter 87 F.S.A. (Declaratory Judgment Statute), wherein a money judgment was entered against the appellants for real estate commissions for services rendered by a real estate broker under an alleged oral contract. Although the bill of complaint prayed for discovery and an accounting, this appears to be "window-dressing", as the real purpose of the suit was to obtain a money judgment for the claimed real estate commissions under an alleged oral contract. A mere reading of the bill is sufficient to demonstrate that the plaintiff knew exactly what he claimed to be the terms of the alleged oral contract and what he had earned thereunder. The bill of complaint shows on its face that there were disputes between the parties as to the terms of the contract, as to a general release of all liabilities, as to breach of the alleged contract and the amount of damages. Defendants filed motions to dismiss the bill of complaint mainly on the ground that the bill of complaint *631 showed on its face that the cause of action was for breach of an oral contract. In due course the Circuit Judge denied the motions and ordered answers filed. Answers were filed by all of the defendants in which they denied most of the material allegations of the bill of complaint and raised questions of fact as to the terms of the oral contract, the breach thereof, and pleaded a general release of all liability, duly executed by the appellee. Trial by jury was demanded.
After the answers were filed, the defendants filed, on March 22, 1950, a motion to transfer the cause to the law side of the Court on the ground that the same "should have been brought as an action at law as will appear from the bill of complaint and the answers of these defendants."
On the 25th of July, 1950, the Court made an order appointing a special master and referring the cause to the master to take testimony and report "his findings, facts and conclusions to the Court."
On July 31, 1950 the defendants filed objections to the motion for an order of reference on the grounds: (1) that there was pending a motion of the defendants to transfer the cause to the law side of the Court, and (2) that the bill of complaint and answers showed that the only issues involved were "pure questions of fact which under the constitution and laws of this State should be tried by a Jury."
On the 7th of August, 1950, the Court entered a further order denying the motion of the defendants to transfer the case to the law side of the court, revoked the order of reference theretofore made, and stated, "after due notice the Court will consider the appointment of a Special Master together with the issues to be submitted to said Master, and those issues to be submitted to a jury under the provisions of Section 87.07 Florida Statutes [F.S.A.]."
On the 16th of August, 1950, the Court made a further order denying the motion to submit any questions of fact to a jury, appointed a special master "for the purpose of taking testimony and he is hereby directed to file his report, including findings of fact, conclusions of law and recommendations to the Court." Thereafter 330 pages of testimony were heard by the master.
While taking testimony, the master made the following statement for the record, "I think we have developed this cause into a battle between the witnesses and their credibility." In his report to the Chancellor, the master said:
"The testimony of the plaintiff and his witnesses and the testimony of the defendants and their witnesses is in direct conflict concerning the material elements of the case. There was much testimony given in an attempt to discredit witnesses for each side. It would be impossible to give the Court a concise statement to thereby enable the Court to understand the bitterness existing between the plaintiff and defendants and would probably be necessary for the Court to read the transcript of testimony. * * *"
The transcript of the testimony in this case fully justifies the above quotations and conclusions of the special master.
Based upon this report of the special master and his recommendations and his determination of credibility of witnesses and conflicts of testimony, the Chancellor entered a final decree, which was a money judgment in this case for a real estate commission. Section 87.11, F.S.A., is as follows:
"This chapter is declared to be substantive and remedial; its purpose is to settle and to afford relief from insecurity and uncertainty with respect to rights, status and other equitable or legal relations; and is to be liberally administered and construed. Laws 1943, c. 21820, § 11."
The purpose of this suit was not for the construction of a written contract and was not even for the construction of an oral contract where the terms of such contract were not in dispute. It was not for the purpose to settle and afford relief from insecurity and uncertainty with respect to the rights, status and other equitable or legal relations. It was for the purpose *632 of obtaining a money judgment under an oral contract, the terms and performance of which were disputed by the appellants. In the case of James v. Alderton Dock Yards, 256 N.Y. 208, 176 N.E. 401, 404, the Court said:
"Under the facts of this case, the plaintiff had an action at law for commissions. He needed no declaratory judgment to establish his rights. * * *"
In the case of Bowden v. Seaboard Air Line R.R. Co., Fla., 47 So.2d 786, 787, the Court said:
"* * * It is also patent that the real purpose of the bill is an attempt, under the guise of a right to construction of a deed, to use the Declaratory Decree Statute in lieu of an ejectment suit. * * * Obviously, ejectment is his proper remedy. If a bona fide basis for invocation of jurisdiction under our present Declaratory Decree Statute should exist the Court might proceed to determine issues which otherwise, standing alone, would be the subject of some other long established and well recognized procedure. However, we cannot permit an unauthorized extension of the Declaratory Decree Statute to a point where it might be substituted for another normally appropriate action in the absence of a bona fide foundation for a declaratory decree as contemplated by Sec. 87, Florida Statutes, 1941, F.S.A."
In Ready v. Safeway Rock Co., 157 Fla. 27, 24 So.2d 808, 809, this Court said:
"The Federal Declaratory Judgments Act, 28 U.S.C.A. § 400, and some of the state acts require that any declaratory decree be based on an actual controversy, but the act in question does not so require. The test to activate jurisdiction under the instant act is whether or not the moving party shows that he is in doubt as to the existence or nonexistence of some right, status, immunity, power or privilege that he is entitled to have such doubt removed and if shown to be existent, seek such relief as the circumstances warrant. He may pray for `additional, alternative, coercive, subsequent or supplemental relief'."
In the case of Brown v. Foley, 158 Fla. 734, 29 So.2d 870, 871, a woman bartender alleged that after the enactment of an ordinance by the City of Miami prohibiting any female to be employed to serve any liquor, that she was employed as a bartender, and that she was in doubt of her rights to work under the contract because of this ordinance. She filed a suit for declaratory decree. The City moved to dismiss the cause because her contract was not shown to be in writing. The terms of her contract were not in dispute. The Chancellor below dismissed the bill and this Court held that the appellant was entitled to a remedy under Chapter 87, F.S.A., and said:
"We hold the appellant is entitled to the remedy under Chapter 87 otherwise known as the Declaratory Decree statute. It is true her contract of employment was not in writing; nevertheless the instrument, of which she is in doubt, is the municipal ordinance which is expressly covered by the statute."
The case of Deen v. Weaver, Fla., 47 So.2d 539, 540, involved commission for services as a real estate broker. The Chancellor granted the motion to dismiss the bill. This Court affirmed the order of the Chancellor and said:
"The rule is settled that the Declaratory Judgments Statute cannot be employed to point out the procedure for an attorney to follow to litigate a case like this. Bagwell v. Woodward Iron Company, 236 Ala. 668, 184 So. 692; Pennsylvania Casualty Co. v. Thornton, D.C., 61 F. Supp. 753, 1 C.J.S., Actions, § 18, p[age] 120 (1950 Cum. Pocket Part). Even if the method of procedure could be indicated, the merits of petitioner's claim involve purely common law considerations that could not be reached in a declaratory judgments proceeding.
"The allegations of the petition show that petitioner produced a purchaser ready, able and willing to buy, but *633 whether his cause of action is against Weaver or Farmer or both of them or whether he can prove his allegations, are questions that must go to the proper forum for consideration and adjudication. Whether or not one has a cause of action must be determined by the case made in the pleadings. The Declaratory Judgments Statute does not presume to cover such questions. Whether Weaver or Farmer or both are liable may depend on proof or some other element that was not before the chancellor. We think he was correct in refusing a declaratory decree."
In the case at bar the pleadings failed to show that the moving party was in doubt as to the existence or nonexistence of some right, status, immunity, power or privilege that he was entitled to have removed. At the time the final order of reference was made, it was perfectly apparent that the relief he sought was a money judgment, based upon an alleged oral contract about which there was a material dispute as to terms, performance, breach, and general release. The cause should have been transferred to the law side of the Court.
The right of trial by jury of disputed questions of fact, except in those cases based upon some established and recognized ground for equitable relief, is guaranteed by the Federal and State Constitutions. At every opportunity, from the first pleading, to and including the last, filed by the appellants in this case, they timely moved that the case be transferred to the law side of the Court or demanded a jury trial.
It there was ever any doubt as to the real purpose and nature of this suit, such doubt was removed by the testimony heard by the master as shown by this report. Even in the motion filed by the appellants for rehearing and revision of the final decree, one of the grounds was, "the Court failed to consider, in rendering its final decree, the plaintiff's motion and demand to refer said cause to a jury for trial." Said motion was denied.
When the terms of an oral contract are not in dispute, but there may be some doubt as to the proper interpretation of the contract, or as to the existence or nonexistence of some right, status, immunity, power or privilege, so as to entitle the moving party to have such doubt removed, Chapter 87, F.S.A., may apply, but certainly it does not apply in such case as shown by this record.
Reversed, with directions to proceed further in accordance with this opinion.
SEBRING, C.J., and ROBERTS, J., and REVELS, Associate Justice, concur.