65 So.2d 762 (1953)
HALPERT et al.
v.
OLEKSY et al.
Supreme Court of Florida, en Banc.
June 2, 1953.
Warren S. Wepman, Miami, for petitioners.
Weinkle & Kessler, Miami, for respondents.
MATHEWS, Justice.
Petition for certiorari was filed to review an order of the Circuit Court denying petitioners' motion to transfer the case to the law side of the Court and granting respondents' motion for an order of reference to a Master. The order complained of in addition to denying the motion to transfer the cause to the law side of the Court, appointed a Special Master, and directed him "to take the testimony of the parties and their witnesses and report the same, together with his findings of fact and conclusions of law to the Court with his recommendations."
*763 The petitioners were the lessors and the respondents were the lessees of some real estate. The lease was in writing. The premises burned down. There was no question raised of the lessees' right to a return of the deposit put up by them under the terms of the lease, except and because of damages claimed by each of the parties because of alleged breaches of various terms of the lease. The cancellation of the lease was admitted by both parties. The motion to transfer the cause to the law side of the Court contained the following:
"1. That it appears from the complaint of the Plaintiffs herein and the Answer of the Defendants herein that the possession of the premises involved in this litigation is in the Defendants herein as an accomplished fact and that the lease between the parties has been cancelled between them by stipulation and agreement, and that the only issues involved between the parties are issues of fact involving the respective damages suffered by the parties, which facts should be tried by a jury;
"2. That it appears from the Bill of Complaint filed in this cause that the only relief sought by the Plaintiffs is a money judgment against the Defendants and that the relief sought by the Defendants is for a money judgment for damages against the Plaintiffs;"
Whether or not there was any "doubt as to [their] rights under the lease" is to be determined from the pleadings and the written lease. In the answer to the counterclaim the respondents "admit that all provisions of the lease are well defined."
From our examination of the pleadings and the lease we fail to find any doubt asserted by either party as to the terms or meaning of any provision of the lease. F.S. § 87.02, F.S.A. provides that when any person interested, or who may be in doubt as to his rights under any legal instrument in writing "may have determined any question of construction or validity arising under such * * * instrument in writing * * * and obtain a declaration of rights, status or other equitable or legal relations thereunder." No "doubt" of the meaning of any provision of the lease was alleged or asserted and we fail to find any provision in the lease which is doubtful in meaning, uncertain or ambiguous. There was no question of construction of any term of the written lease for the Circuit Court to determine. Doubt, because of disputed questions of fact alone, is not sufficient, especially when the only relief sought is damages.
It had been suggested that the equity court had jurisdiction because the cancellation of the lease was involved and having taken jurisdiction because of the question of cancellation, the equity court had jurisdiction for all purposes. There is no merit in this contention. All of the parties agreed that the lease had been cancelled.
In the bill of complaint the plaintiffs [respondents here] prayed that the Court would decree that the lease was cancelled and that defendants [petitioners here] be required to return the security deposit. The bill of complaint contained no assertion of any doubt or ambiguity as to any part of the lease. The stipulation, which was approved by the Court, among other things contained the following:
"Whereas, the Plaintiffs herein have alleged in the Bill of Complaint filed in this cause that the lease agreement attached to the Bill of Complaint was heretofore cancelled by operation of law by the failure of the Defendants to make certain elections required in the said lease, and
"Whereas, both parties are agreed that the Defendants herein should have possession of the premises, and
* * * * * *
"1. That all of the above recitals are true and correct;"
In the motion filed by the defendants [petitioners here] to transfer the cause to the law side of the Court, there is contained the following:
"1. That it appears from the complaint of the Plaintiffs herein and the Answer of the Defendants herein *764 * * * that the lease between the parties has been cancelled between them by stipulation and agreement, and that the only issues involved between the parties are issues of fact involving the respective damages suffered by the parties, which facts should be tried by a jury;" (Emphasis supplied.)
If there was any question that the respondents [plaintiffs below] contended that there was any doubt or ambiguity concerning the terms of the written lease, such doubt was eliminated in their answer filed to the counterclaim, wherein they stated:
"The Plaintiffs and Cross-Defendants admit that all provisions of the lease were well defined, * * *."
The applicability of the declaratory judgment statute has been determined and settled by a long line of cases beginning with Ready v. Safeway Rock Co., 157 Fla. 27, 24 So.2d 808. We have heretofore determined the essential requirements to activate the statute. We should not construe Section 87.02 alone. It must be construed in connection with every other section of the Chapter. If a genuine bona fide doubt exists, then F.S. Chapter 87, F.S.A. is activated and then  and only then  may the other sections, including F.S. § 87.11, F.S.A. apply. It is true that F.S. Section 87.11, F.S.A. declares that the purpose of the Act is to settle and afford relief from insecurity and uncertainty with respect to rights, status and other equitable or legal relations; and is to be liberally administered and construed. However, F.S. Section 87.11, F.S.A. does not apply unless some doubt exists, as provided for in F.S. Section 87.02, F.S.A. Other cases making plain and settling this question are Coral Gates Properties, Inc., v. Hodes, Fla., 59 So.2d 630; Roberts v. Jenkins, Fla., 59 So.2d 633; Columbia Casualty Co. v. Zimmerman, Fla., 62 So.2d 338. It would seem that the doctrine of stare decisis would apply in this case.
The petition for writ of certiorari is granted, with directions that the order denying the motion to transfer the cause to the law side of the Court and appoint a Special Master be, and the same is hereby, quashed, and for the entry of a proper order in conformity with this opinion.
ROBERTS, C.J., and TERRELL, THOMAS, SEBRING and HOBSON, JJ., concur.
DREW, J., concurs in judgment only.
DREW, Justice (concurring specially).
I concur in the judgment requiring the cause to be transferred to the law side of the court below only because it appears to me that the plaintiffs below have attempted to bring within the orbit of Chapter 87, F.S.A., a simple action for damages. This being so, there was no bona fide basis for the invocation of jurisdiction under the Act, and therefore the lower court was guilty of an abuse of discretion in failing to transfer the cause to the law side of the court.
I connot agree that Chapter 87, F.S.A., is as limited in its scope as the main opinion seems to indicate. Section 87.05, F.S.A., especially provides that the enumeration of certain specific things in Sections 87.02, 87.03 and 87.04 does not restrict the exercise of the general powers conferred in 87.01 in any proceedings where declaratory relief is sought. Our statute is broad and flexible and is designed to serve  and does serve  a highly useful purpose.
Section 87.11 of the Act negatives such a narrow construction as is apparently placed on it by the main opinion. It provides that "its purpose is to settle and to afford relief from insecurity and uncertainty with respect to rights, status and other equitable or legal relations; and is to be liberally administered and construed." (Emphasis added.) Section 87.12 provides that the existence of "another adequate remedy" shall not preclude the exercise of jurisdiction.
It is my view that to place such a narrow and strained construction on this Act is not only inconsistent with many of our decisions construing it, but does violence to the legislative intent. In the practical application of the Act to given facts or circumstances, there is no substitute for the proper exercise of sound judicial discretion by the court.