312 P.2d 806

STATE of Idaho, Plaintiff-Respondent,

v.

Rose BURKE, Defendant-Appellant.

No. 8474.

Supreme Court of Idaho.

June 28, 1957.

Graydon W. Smith, Atty. Gen., J. R. Smead, Asst. Atty. Gen., James W. Ingalls, Pros. Atty., Coeur d'Alene, for respondent.

Whitla & Knudson, Coeur d'Alene, for appellant.

McQUADE, Judge.

On June 24, 1955, a criminal complaint charging appellant with "acting as a bartender without a permit," in violation of I.C. sec. 23–922, was originally filed in the Justice Court of Coeur d'Alene Precinct. After trial, without a jury, judgment was entered against the appellant, from which judgment an appeal was taken to the District Court, Kootenai County, Idaho, where trial was again had before the district judge, sitting without a jury, following which a judgment of conviction was entered against appellant, from which judgment this appeal is taken.

The evidence introduced in behalf of the state was very brief. One witness testified that the defendant sold and served him two drinks of alcoholic liquor, and that the defendant served several other persons in his presence during a comparatively short period of time. It was stipulated that the defendant and her husband were the owners of the premises where the alleged offense occurred, and that the place of business was duly and lawfully licensed. After the state had presented its evidence and rested, the defendant moved to dismiss the action upon three separate constitutional grounds and also upon the ground "that the evidence introduced was not sufficient to sustain a judgment of conviction."

For specifications of error, the appellant contends the trial court erred (1) in denying appellant's motion to dismiss the action upon the ground that the statute (I. C. sec. 23–922) is unconstitutional as alleged in appellant's motion to dismiss; (2) in denying appellant's motion to dismiss the action upon the ground that the evidence

introduced was not sufficient to sustain a judgment of conviction as alleged in appellant's motion; (3) in entering a judgment of conviction against appellant for the reason that it is not supported by the evidence and is contrary to the law. For the purpose of this opinion, specifications of error 2 and 3 will be consolidated.

The first specification of error has been decided in the United States Supreme Court by the case of Goesaert v. Cleary, 1948, 335 U.S. 464, 69 S.Ct. 198, 199, 93 L.Ed. 163, wherein the court stated:

" * * * Michigan could, beyond question, forbid all women from working behind a bar. This is so despite the vast changes in the social and legal position of women. The fact that women may now have achieved the virtues that men have long claimed as their prerogatives and now indulge in vices that men have long practiced, does not preclude the States from drawing a sharp line between the sexes, certainly, in such matters as the regulation of the liquor traffic. See the Twenty-First Amendment and Carter v. [Commonwealth of] Virginia, 321 U.S. 131, 64 S.Ct. 464, 88 L.Ed. 605. The Constitution does not require legislatures to reflect sociological insight, or shifting social standards, any more than it requires them to keep abreast of the latest scientific standards."

See also 172 A.L.R., annotation, "Validity and construction of statute or ordinance respecting employment of women in places where intoxicating liquors are sold," p. 620.

■ As to specifications of error nos. 2 and 3, the basis for such specifications of error is that the state failed to prove the defendant did not have a bartender's permit, and, as such, the conviction cannot stand. The state contends that the matter of the license is an affirmative defense, and this is a burden which the defendant must assume.

The statute under which the criminal complaint was drafted is I.C. sec. 23–922, which reads in part as follows:

"It shall be unlawful for any person to act as a bartender in any premises licensed under the provisions of this act unless such person shall hold a permit therefor from the commissioner. Application for permit shall be made on forms furnished by the commissioner and shall be accompanied by a permit fee of $2.50. No person shall receive a permit as a bartender unless he shall establish to the satisfaction of the commissioner that he:

"1. Is a male person over the age of twenty-one years, * * *."

In addition to proving the sale of the alcoholic liquor by the defendant, there was also evidence introduced to prove that the

defendant was a female. The state then rested, and based its request for a conviction upon the theory the trial court must take judicial notice of the statutes of the State of Idaho, and in doing so would conclude that it was impossible for the defendant to secure a bartender's permit because she is a female. In Rossi v. United States, 289 U.S. 89, 53 S.Ct. 532, 533, 77 L.Ed. 1051, in discussing the facts, the court said:

"It was impossible for the petitioners lawfully to register the still or to give the required bond."

It was further stated by the court:

"The general principle, and we think the correct one, underlying the foregoing decisions, is that it is not incumbent on the prosecution to adduce positive evidence to support a negative averment the truth of which is fairly indicated by established circumstances and which, if untrue, could be readily disproved by the production of documents or other evidence probably within the defendant's possession or control. * * *"

Other authorities supporting this general proposition are State v. Ancell, Mo.1943, 171 S.W.2d 717, and 53 C.J.S. Licenses § 71, p. 730.

It must therefore be concluded that there was sufficient evidence to support the conviction, and that the state did not need to prove any negative proposition where it was impossible for the defendant to have secured a license under the statute.

Judgment affirmed.

PORTER, TAYLOR and SMITH, JJ., concur.

KEETON, Chief Justice (dissenting in part).

Whether Sec. 23–922, I.C., which by its terms limits those who may obtain a bartender's permit to male persons over the age of twenty-one years and also by direct terms or necessary inference, prohibits equally qualified female persons from securing a bartender's permit, is constitutional, is not, in my opinion, before us for determination. It is a well recognized rule that courts do not pass on constitutional questions except in circumstances where the necessity of such decision is required. In the present situation appellant did not have a bartender's permit, nor is there any showing that she ever made application to secure one. Therefore the fact that she was tending bar without such permit is sufficient to dispose of the case.

However, as the majority opinion seems to be based on the conclusion that the statute prohibiting female persons from securing a bartender's permit is constitutional, I shall comment briefly on the constitutional question discussed in the majority opinion and apparently determined.

210

I think depriving a female person of the right to follow a business or calling solely because of sex deprives such person of a property right guaranteed to all persons under the 14th Amendment to the Constitution of the United States and Sec. 1, Art. I of the State Constitution.

The Legislature may not by discrimination enact a law prohibiting a class of persons because of sex from engaging in any lawful calling open to all others. The right to work is one of our precious liberties. A female person is by the interdiction imposed denied the right to make a living equally with a male person. She is denied the freedom of an opportunity to engage in what is recognized as a lawful business on an equality with males. There is no sound basis for such a distinction.

The statute here attacked deprives female persons of the freedom of opportunity enjoyed by others.

A female person over twenty-one years of age may enter bars, purchase drinks for herself or others, sell beer, frequent places where intoxicating liquors are sold and exercise freedoms accorded others.

In the present situation appellant, when the charged offense occurred, was and still is the wife of the licensee, hence a half owner in a business recognized by the statutes as a lawful calling.

Under the married woman acts, in recent years enacted in most states, female persons have all the rights generally accorded to males. Harsh rules of the common law have been abrogated. The wife has a legal status of her own that is not submerged in the identity of her husband. The statute here attacked arbitrarily and for no reason discriminates between male and female owners of a retail liquor establishment.

The law in question is arbitrary, discriminatory and unreasonable, has no basis for such a classification and does not promote morals or the welfare of the community. I also direct attention to Chapter 61, 1957, S.L., page 104, which by its terms authorizes the issuing of a bartender's permit to the wife of a licensee.

The case relied on to sustain the constitutionality of the statute in question, Goesaert v. Cleary, 335 U.S. 464, 69 S.Ct. 198, 93 L.Ed. 163, was decided by the Supreme Court of the United States by a division of the Justices, three Justices dissenting.

The Supreme Court of Florida in Brown v. Foley, 158 Fla. 734, 29 So.2d 870 declared a similar regulation as here being considered unconstitutional.

In my opinion a statute with no reason for its basis, which deprives a female person of the right to follow the same calling as a male person under the same circumstances, is unconstitutional and void.