104 So.2d 572 (1958)
Charles KASS, Appellant,
v.
Michael LEWIN, Appellee.
Supreme Court of Florida.
June 13, 1958.
*574 Eric W. Pappas, of Johnson & Pappas, Miami, for appellant.
George N. Jahn and Melbourne L. Martin, Miami, for appellee.
Richard W. Ervin, Atty. Gen., Ralph M. McLane, Asst. Atty. Gen., Edwin O. Simon, Miami, and Harry Zukernick, Miami Beach, for amicus curiae.
O'CONNELL, Justice.
This appeal involves the constitutionality of Chapter 25519, Laws of Fla. 1949, as amended by Chapter 30202, Laws of Fla. 1955.
In a suit for declaratory decree the chancellor held both acts unconstitutional in toto. The defendant appeals.
The title and sections 2, 3, 5, 6, 20 and 21, of Chapter 25519, supra, read as follows:
 "Chapter 25519  (No. 523)
 "Senate Bill No. 801
"An Act Effective in Counties Having Population in Excess of 300,000 Population According to the Last or Any Future Official State or Federal Census Pertaining to Plats and Platting and Defining the Same; Requiring the Approval and Recording of Plats in Certain Cases; Prohibiting the Conveyance, Leasing or Mortgaging of Lands, or Any Agreement with Reference Thereto by Reference Solely to a Plat Unless Such Plat Shall Have Been Approved and Recorded, and Making Any Such Prohibited Conveyances, Leases or Mortgages or Agreements Void and Prohibiting the Recording of the Same; Making It a Misdemeanor to Sell or Contract to Sell Platted Lands Unless a Plat Thereof is Approved and Recorded Except by Order of Court; Authorizing the Board of County Commissioners of Each County and the Governing Body of Each Municipality to Prescribe the Width of Roads, Streets, Alleys and Other Thoroughfares, and Setbacks Therefrom and to Name or Number the Same; Making Certain Requirements a Prerequisite to Approval of Plats; Providing Procedure For and Effect of Vacating Plats; Authorizing Board of County Commissioners of Each County and Governing Body of Each Municipality to Adopt Rules and Regulations to Effectuate Provisions and Purposes of This Act; Repealing All Laws and Parts of Laws in Conflict Herewith and Providing When This Act Shall Take Effect.
"Be It Enacted by the Legislature of the State of Florida:
* * * * * *
"Section 2. Whenever the verb `to plat,' in whatever tense used, is employed in this Act, the same shall mean to divide or subdivide land into lots, blocks, parcels, tracts or other portions thereof, however the same may be designated.
"Section 3. Whenever land comprising one acre or more is platted into lots, blocks, parcels, tracts or other portions, however designated, so as to comprise three or more such to the acre, a plat thereof shall be recorded in the Public Records of the county wherein such land lies.

*575 * * * * * *
"Section 5. No lands shall be conveyed, leased or mortgaged nor shall any agreement be entered into providing for the conveyance, leasing or mortgaging thereof by reference solely to a plat thereof, unless such plat shall have been approved and recorded as provided by law.
"Section 6. No conveyance, lease or mortgage or agreement to convey, lease or mortgage lands in violation of the provisions of this Act shall be recorded in the public records. * * *
"Section 20. Any and all such conveyances, leases or mortgages, or agreements to convey, lease or mortgage, or attempts to convey, lease or mortgage lands in violation of the provisions of this Act, made or attempted to be made hereafter, shall be void ab initio.
"Section 21. Any sale of or offer to sell or contract to sell any lot, block, parcel, tract or other portion of land, however designated, within the purview of this Act, unless the provisions of this Act shall first have been complied with, shall constitute a misdemeanor, and the person, firm or corporation found guilty thereof shall be punished as provided by law. Each separate sale, offer to sell and contract to sell shall constitute a separate offense. * * *"
In addition to the sections above-copied, Sections 8 through 19, of Chapter 25519, supra, empowered the boards of county commissioners and municipalities in the counties covered by the act to: approve plats, before the recording thereof, prescribe widths of roads and setbacks therefrom, number and name roads, vacate plats, and to adopt rules and regulations necessary to effectuate the provisions of the act. In addition the act prescribed certain conditions to obtaining approval of plats and vacation of plats. The act contained a severability clause.
Chapter 30202, supra, purported only to amend Section 3 of Chapter 25519, supra. The title thereto and the only pertinent section thereof reads as follows:
 "Chapter 30202
 "Senate Bill No. 724
"An Act amending Section 3 of Chapter 25519, Laws of Florida, 1949, relating to plats and platting in counties having a population in excess of 300,000 according to the last or any future official state or federal census, and other matters therein set forth, by requiring that plats of certain platted land be recorded in the public records of the county wherein such land lies.
"Be It Enacted by the Legislature of the State of Florida:
"Section 1. Section 3 of Chapter 25519, Laws of Florida, 1949, is hereby amended so as to read as follows:
"`Section 3. Whenever any land, a plat of which has not been recorded in the Public Records of the county wherein the land lies, shall be platted into lots, blocks, parcels, tracts or other portions, however designated, so that any of the same shall comprise one acre or less in size, and whenever any land, a plat of which has been recorded in the county wherein such land lies, is replatted into lots, blocks, parcels, tracts or other portions, however designated, so that any of the same shall comprise one-half acre or less in size, a plat thereof shall be recorded in the Public Records of the county wherein such land lies.' * *"
Both acts were passed by the Legislature as general acts. It is not contended that the notice of intention to apply to the Legislature for passage thereof as special or local acts, as required by Section 21, Art. III, Fla. Const., F.S.A., was given in either case.
The cause before us arose out of the execution of a contract of sale of two parcels *576 of real estate lying in Dade County, Florida. In the agreement Lewin, the plaintiff-appellee, was seller and Kass, the defendant-appellant, was purchaser. The two parcels of land were described as follows:
Parcel I: The East 100 feet of the S 1/2 of the N 1/2 of SW 1/4 of SE 1/4 in Sect. 26, Twp. 57 South, Range 38 East, situate in Dade County, Florida, being a parcel of land 100 feet by 330 feet in size; and
Parcel II: Lots 3, 4, and the E 1/2 of Lot 5, Block 9, Florida City Highlands, according to the plat thereof recorded in Plat Book 20, page 36, of the Public Records of Dade County, Florida, being a parcel of land 125 feet by 117.55 feet in size.
Prior to the date set for closing of the purchase and sale of said lands the defendant purchaser was advised by his attorney that under the terms of Chapter 25519, supra, as amended by Chapter 30202, supra, the contract of sale was void and the deed and a purchase money mortgage required to be given pursuant thereto would be void ab initio and would not be admitted to record in the public records of Dade County. Defendant Kass so informed plaintiff Lewin and this suit for declaratory decree followed.
A reading of the above-copied provisions of the subject statute, as amended, leads us to believe that if valid, they would have the effect which defendant's attorney advised him.
The definition given the verb "to plat" in Section 2, Chapter 25519, supra, endues it with a strange and entirely different meaning than that customarily accorded it and one foreign to the usage of the noun "plat" given in Section 1 of said act. To "divide or subdivide" land into portions is "to plat" under the statute, even though no map thereof be made.
Section 3, Chapter 25519, as amended, requires that when land, a plat of which has not been recorded, is "platted", i.e., divided into portions of one acre or less, a plat must be prepared and recorded in the public records of the county in which the land is situate. In this instance since Parcel I, above-described, has not been previously platted and is less than one acre in size, a plat thereof would have to be prepared and recorded, otherwise Section 6 of the statute would prohibit the recording of the conveyance and the purchase money mortgage to be given in connection therewith. Further, Section 20 of the statute makes the contract of sale, the conveyance and the mortgage void ab initio, unless the land be platted, and Section 21 would make the parties guilty of a misdemeanor.
This means that conveyance of parcels of land, less than one acre in size, is prohibited, without the making and recording of a plat thereof, while conveyance by parcels of land greater than one acre in area is permitted without a plat being made and recorded.
As to Parcel II, above-described, the provisions of Section 3, Chapter 25519, as amended, supra, would apply also since it involves the conveyance of one half of Lot 5. This would constitute a "replatting" of said lot into portions less than one half acre in size and would require the filing of a plat or the suffering of the consequences of Sections 6,20 and 21 as discussed in the preceding paragraph.
In this appeal we are required to follow different principles of law and construction than in appeals from judgments or decrees not involving the validity of statutes.
A judgment or decree of a trial court holding a statute to be unconstitutional comes to an appellate court with no presumption of freedom from error. This is an exception to the general rule.
On the contrary, in passing on the validity of statutes we must indulge the presumption of constitutionality in favor of the act in question, and any doubts thereabout must be resolved in favor of its constitutionality. *577 Waybright v. Duval County, 1940, 142 Fla. 875, 196 So. 430.
Further, although a portion of the act be found to be unconstitutional, we must uphold the remainder if that which is left is complete in itself, sensible, capable of being executed and wholly independent of that which is rejected. State ex rel. Gonzalez v. Palmes, 1887, 23 Fla. 620, 3 So. 171. In the case of State ex rel. Limpus v. Newell, Fla. 1956, 85 So.2d 124, 128, we said:
"* * * The test is whether this court can say that the Legislature would not have enacted the law under scrutiny except for the provision which is herein held unconstitutional and invalid."
Therefore, the statutes come to us with a presumption of constitutionality and we must uphold them in whole or part in accordance with the foregoing principles of law. For the reasons set forth below we find Sections 2, 3, 4, 5, 6, 7, 20 and 21 of Chapter 25519, supra, as amended, to be unconstitutional and inoperative, but the remainder thereof to be constitutional and valid.
We will first consider Section 2, Chapter 25519, supra.
We find it to be unconstitutional and in violation of Section 16, Art. III, Fla. Const., because the recitals in the title of the act do not apprise a reader of normal intelligence that the body of the act gives such a strange, unnatural, and uncommon meaning to the verb "to plat." The title does recite that plats and platting are defined in the act, but no indication is given that the Legislature intended to bring every conveyance which divided larger parcels of land into smaller parcels within the scope of the Legislative definition of the verb "to plat". The title is misleading and deceptive as to this section and therefore Section 2 is inoperative. See Boyer v. Black, 1944, 154 Fla. 723, 18 So.2d 886, 153 A.L.R. 869.
Section 3, Chapter 25519, supra, as amended, is next.
As above-stated the effect of this section is to require the preparation and recording of a plat in any case where lands are divided into parcels of one acre or less or one half acre or less, as the case may be If not so platted or replatted any attempted agreement, sale, lease or mortgage, could not be recorded, and would be void under the provisions of Sections 6 and 20 of the subject statute.
This section is bad for at least three reasons. First, although the recitals of the title to Chapter 25519, supra, and the title to the amending act mention that plats are required to be recorded in certain cases, the titles do not apprise a reader of normal intelligence that any conveyance by him which results in dividing a parcel of land as mentioned in Section 3 will require that a plat be prepared, approved and recorded The titles of both acts are deceptive and misleading as to Section 3 of the original act and as to the same section as amended.
Second, the imposition of the burden of preparing and recording a plat on the owner of land as a condition precedent to his conveying same is an unreasonable and unconstitutional restraint on the right to alienate property. As we said in Garvin v. Baker, Fla. 1952, 59 So.2d 360, at page 365:
"* * * It is not necessary that a plat or a map of a person's property showing lots and blocks be recorded before it can be sold. It may be more convenient to sell by lots and blocks as was shown by a recorded plat, but he may sell it by the inch, the foot, or the yard, and describe it by metes and bounds."
Third, it is to be noted that conveyances which divide lands into parcels of more than one acre, in case of unplatted lands, or more than one half acre in case of lands already platted, are not affected by *578 the statute. This constitutes a violation of the equal protection clauses of both the state and federal constitutions without reasonable classification which would justify the discriminatory aspects of the statute.
There are other grounds upon which this section could be struck down, but we feel it unnecessary to discuss them.
In the performance of judicial surgery which we perform herein Sections 4 and 7 become meaningless and they fall for that reason.
Section 5 prohibits the conveying, leasing or mortgaging of lands, or making an agreement for such, by reference solely to an unrecorded plat. Section 6 prohibits the recording of any such instrument in violation of the provisions of the statute. Section 20 makes all conveyances, leases, mortgages and agreements, made or attempted to be made in violation of the statute, void ab initio. Section 21 makes any offer or contract to sell in violation of the statute a misdemeanor.
It is clear from a reading of the title and body of the basic statute that the principal subject dealt with therein is plats and platting. It is apparent that the statute also embraces the subject of the making, the validity, and the recording of conveyances, mortgages, leases and agreements.
While such instruments may as a practical matter utilize plats by referring to them in describing lands, the subject of recording of such instruments, their validity and use as a means of exercising the right to sell or pledge real property is not either germane to or incidental to the subject of subdivision control, traffic planning or the other public purposes to be accomplished by requiring approval of plats by public bodies before they may be recorded.
Section 16, Art. III, Fla. Const., provides that:
"Each law enacted in the Legislature shall embrace but one subject and matter properly connected therewith * * *."
Sections 5, 6, 20 and 21 of Chapter 25519, supra, violate this provision of the constitution and are therefore inoperative.
In addition these sections violate Section 21, Art. III, Fla. Const., in that there is no reasonable relation between population of a county and the public purpose, if there be any, to be served by them. There must be a reasonable basis for a classification of this character, i.e. by population, else the act will be declared a local one. Waybright v. Duval County, supra; State ex rel. Baldwin v. Coleman, 1941, 148 Fla. 155, 3 So.2d 802. We see no reasonable connection between the population of a county and the requirement that plats be filed in order to make valid conveyances, leases, mortgages and agreements relating to lands of the area prescribed in Section 3, of the statute, as amended.
Further, together these Sections place an unreasonable restraint on the right of alienation of property. The word "property" in the Fourteenth Amendment to the U.S. Constitution includes the right to acquire, use and dispose of it for lawful purposes, and the constitution protects each of these essentials. Buchanan v. Warley, 1917, 245 U.S. 60, 38 S.Ct. 16, 62 L.Ed. 149. The owners of land are thus protected against the arbitrary, capricious or unjustly discriminatory action of the state relating to the right to acquire, use and dispose of land. It is recognized, however, that the Fourteenth Amendment "* * * does not take away from the state those powers of police that were reserved at the time of the adoption of the Constitution." Terrace v. Thompson, 1923, 263 U.S. 197, 44 S.Ct. 15, 18, 68 L.Ed. 255. Any exercise of the police powers, however, must be founded upon valid and substantial considerations relative to the health, the morals, the safety, or the general welfare of the public. We do not find any such considerations in the subject matter of these Sections of the statute that warrant the requirement that plats be filed as prescribed in Section 3, as amended, or that the instruments mentioned in Sections 5, 6, and 20 of the statute *579 be denied recordation and held to be null and void, or that the acts described in Section 21 should constitute a misdemeanor.
We have therefore stricken down Sections 2, 3, 4, 5, 6, 7, 20 and 21 of Chapter 25519, supra, and all of Chapter 30202, supra.
In accordance with our duty to do so we have left the remainder of Chapter 25519, supra, effective. We think this is proper and meets the test laid down in State v. Newell, supra, for the remainder of the statute leaves a workable and sufficiently complete plat control law. As is argued by appellant "It is clear that the intent of the legislature * * * was to promote community planning * * *." Insofar as this may be accomplished by plat control, it may be done under what remains of this statute.
We have considered whether plat control is reasonably related to population so as to justify the passage of an act as a general population act. We find there is sufficient relation to justify such procedure.
Population of a county has a direct relation to use of land for homesites. Plats are most usually employed by subdividers for the convenient sale of homesites. Accordingly in the more populous counties there will be greater use of plats, as well as greater need for controlling the layout into lots and blocks, the elevation, width, location and continuity of streets, setback of buildings, and the other matters covered by the remainder of the subject statute, than in the counties of lesser population.
We have also considered whether the subject of plat control as set forth in the remainder of the subject statute constitutes an unreasonable restraint on the sale of one's property, and have concluded that it does not. As we said in Garvin v. Baker, supra, a landowner is not required to plat his land incident to selling it. He submits himself to the requirements of the law only if he elects to plat his land.
The chancellor held the acts to be unconstitutional and inoperative in toto and the contract for sale of the lands involved to be valid and enforceable. As above-stated we have found portions of Chapter 25519, supra, to be invalid, but that the remainder constitutes a workable plan to effect what appears to have been the principal legislative intent and purpose in enacting the act and we must uphold such remainder. Chapter 30202, supra, we have stricken in its entirety. The validity of the contract for sale of lands has not been attacked on any grounds except as related to the statutes in question and we therefore hold it valid and enforceable.
Accordingly the decree of the chancellor is reversed in part and affirmed in part.
TERRELL, C.J., and THOMAS, HOBSON and THORNAL, JJ., concur.