PIERCE, Chief Judge.
Appellant Richard Prescott, plaintiff below, appeals an amended final judgment in favor of appellees, defendants below, Charlotte County and Oscar Hettema, as Director, Charlotte County Building-Planning and Zoning Department, dismissing the cause with prejudice.
We approve and adopt the pertinent portions of the amended final judgment, as follows:
“The Plaintiff is the owner of certain real estate located in Charlotte County, Florida, upon which he sought to have a sign placed advertising the sale of acreage. The Defendant, CHARLOTTE COUNTY, FLORIDA, adopted certain regulations known as ‘Subdivision Regulations, Charlotte County, Florida, publication number 9 of the comprehensive County plan.’ Article II of which defines a subdivision.
“The Defendant has adopted certain regulations requiring the issuance of a a permit as a condition precedent to the erection of a sign and has delegated such authority and responsiblity to OSCAR HETTEMA, as Director of the Charlotte County Building-Planning and Zon *624 ing Department. The Plaintiff made application for the issuance of a permit for the erection of a sign on lands owned by the Plaintiff. The purpose of the sign to be erected was to advertise to the public plaintiff’s desire to sell said land thereof in five acre tracts.
“The Defendants notified the Plaintiff that such permit would not be issued on the basis that Article II of the Subdivision Regulations defined subdivision so as to include Plaintiff’s proposed operation on the land and Article IX, Section 5 of the regulations prohibited the issuance of permits in a subdivision as defined until final plat approval was added by the Board of County Commissioners.
“All of the facts are admitted and the sole determination herein is whether or not adoption of Article II and IX of the ‘Subdivision Regulations, Charlotte County, Florida, publication number 9 of the comprehensive County-plan,’ is a valid exercise of the police power of the Defendant County.
“The Court, having read and considered the pleadings, the very able briefs supplied by counsel for the respective parties and having heard argument of counsel, finds and determines as follows:
“1. The mere refusal to approve a map or plat so that they cannot be recorded does not deprive a person of his right to sell his property or to use it. The regulation as to use is one thing, and the right to sell is another. It is not necessary that the plat or map of a person’s property showing lots and blocks be recorded before it can be sold. It may be more convenient to sell by lots and blocks, as was shown by the recorded plat, but he may sell it by the inch, the foot, or the yard, and describe it by metes and bounds. See Garvin v. Baker, (Fla.1952) 59 So.2d 360.
“2. It would appear that the zoning administrator may not arbitrarily refuse a sign permit if all of the other health, safety and welfare measures are present just because the lot has not been platted. It does seem that the zoning administrator may rely on the subdivision regulations as a standard to determine whether or not the public health, safety and welfare would be protected, should a structure be erected upon the subject lot. The burden of proving illegality is on the one who alleges it. One who asails [sic] the constitutionality of a statute has the burden of proof in establishing its invalidity. The plaintiff in the instant case has not met this burden and has failed to show that the law in question conflicts with some designated provision of the constitution. It is well settled that the exercise of zoning authority is a legislative function involving much discretion. The holding of public hearings is designed to inform the legislative body which way to exercise this discretion as an integral part of the legislation process and should not be interfered with by the Courts. 34 Fla.Jur. Zoning Laws 17.”
Prescott relies heavily upon Kass v. Lewin, Fla.1958, 104 So.2d 572, but that case is distinguishable from the case sub judice. In Kass our Supreme Court held that the provision in the statute involved which imposed the burden of preparing and recording a plat on the owner of land as a condition precedent to his conveying the same was unconstitutional. However, the Court did not strike down the remainder of the statute which left a workable and sufficiently complete plat control law. In the case sub judice, the lower Court found that under the Subdivision Regulations in question it was not necessary that a plat or map of a person’s property showing lots and blocks be recorded before the property can be sold, but that the zoning administrator may rely on the regulations to determine whether or not the public health, safety and welfare would be protected should a structure be erected upon the subject lot.
*625 Our examination of the record and consideration of the briefs and argument of counsel fail to demonstrate reversible error. The judgment of the lower Court is therefore—
Affirmed.
LILES and HOBSON, JJ., concur.