PER CURIAM.
‘ A complaint for declaratory judgment was filed by appellants seeking to have determined their rights under a certain ordinance of the County of Escambia, it being appellants’ contention that the ordinance was unconstitutional. At the conclusion of a trial on the merits the learned trial judge asked for briefs on two points: Whether or not declaratory relief was a fit and proper remedy and whether, if declaratory relief was the proper remedy, the questioned ordinance was constitutional. Both parties submitted briefs in support of the propriety of the declaratory judgment action. The learned trial judge thereafter entered a final judgment in which he found that the plaintiff was not entitled to a declaratory judgment whereupon the complaint therefor was dismissed. Both parties urge in their briefs on this appeal, and urged during oral argument, that the learned trial judge erred in finding and holding declaratory relief to be an improper remedy. We agree and reverse.
No useful purpose will be accomplished by lengthening this opinion with a long and involved recitation of the facts and applicable law. Suffice to say that our examination of the record on appeal reveals that the case sub judice is factually very similar to Brown v. Foley, 1947, 158 Fla. 734, 29 So.2d 870, wherein our Supreme Court held a declaratory judgment action to be proper. (See also Husband v. Cassel, Sup.Ct.Fla.1961, 130 So.2d 69 and R-C-B-S Corporation v. City of Atlantic Beach, Fla.App. 1st 1965, 178 So.2d 906.)
Since the trial judge did not, in the final judgment here appealed, pass upon the *124 merits of the controversy viz: The constitutionality of the challenged ordinance, we do not consider same here.
Reversed and remanded for further proceedings consistent herewith.
BOYER, Acting C. J., and McCORD and MILLS, JJ., concur.