BOYER, Chief Judge.
Appellee commenced a declaratory judgment action, seeking to have a portion of Escambia County Ordinance 73-9 declared unconstitutional. By an order of dismissal, the trial court held that the declaratory judgment suit was improperly brought, but this Court reversed. See Herring v. County of Escambia, 308 So.2d 123 (Fla. 1st DCA 1975). Upon remand and after a final hearing at which several witnesses testified, the trial court found the ordinance unconstitutional. The County has appealed, essentially claiming that the ordinance is a valid exercise of the police power of the county.
Pursuant to Section 163.165(1), Florida Statutes (1971) which permits counties and municipalities to adopt and enforce subdivision regulations, Escambia County adopted Ordinance 73-9, a set of regulations. The portion of those regulations material to this appeal provides that a person shall not divide any parcel of property into two or more parcels, any one of which is less than four acres in size, without complying with *64 the provisions of the regulations.[1] As can be observed by an examination of the Ordinance, an owner must present a preliminary and final plat for approval as a condition precedent to the sale of the land.
Subsequent to the enactment of the ordinance, appellees conveyed, by metes and bounds, the parcels of property giving rise to this controversy. After being advised in a letter from an assistant county attorney that they were in possible violation of the ordinance, appellees entered into negotiations with county officials, but the negotiations were fruitless. When the assistant county attorney insisted on the right to ■prosecute for failure to comply with the ordinance, appellees filed their suit requesting a declaratory judgment.
The trial court, relying upon Kass v. Lewin, 104 So.2d 572 (Fla.1958), held that the title to the Ordinance[2] would not apprise a reader of normal intelligence that the body of the Ordinance gives an uncommon meaning to the term “subdivision”,[3] and that the imposition of recording a plat of the subdivision carrying forth the requirements of the subdivision ordinance would be an unreasonable and unconstitutional restraint on the right to alienate property. Because of our disposition of the case on another ground, we find it unneees- *65 sary to pass upon the constitutional issues considered by the trial court.
The ordinance involved herein is invalid because it does not fall within the scope of the statute upon which it is allegedly based. As previously noted, Section 163.165 empowers counties to adopt and enforce subdivision regulations. Under Section 163.275, Florida Statutes (1971) “When a governing body has adopted subdivision regulations in accord with this part, it shall be unlawful for anyone who is the owner or agent of the owner of any land to transfer, sell, agree to sell, or negotiate to sell such land by reference to, exhibition of or other use of a plat of a subdivision of such land without having submitted a plan and plat of such subdivision for approval as required by this part and without having recorded the approved subdivision plat as required.” Thus, the legislature did not intend to require an owner to submit a plat of his land as a condition precedent to selling it, but rather intended that those persons desiring to sell lands by reference to a subdivision plat must do so only in conformity with subdivision regulations duly promulgated. Those persons not desiring to sell land by reference to a subdivision plat are not affected by the statute. The ordinance involved herein impermissibly attempts to include within its scope those persons whom the enabling statute excluded.
AFFIRMED.
McCORD and SMITH, JJ., concur.

. Specifically, Article VII of the Ordinance provides: “Within Escambia County no person shall divide any parcel of property into two or more parcels, any one of which is less than four (4) acres in size, with the exception of exclusions indicated in Article X of this Ordinance, unless requirements of these Subdivision Regulations be met; nor shall any person begin any construction work in any subdivision, excluding grading, before obtaining approval of the Preliminary Plat as provided in these Regulations.
“In any subdivision as herein defined, no Certificate of Land Use, no Building, Electrical or Plumbing Permit, and no Setback Permit shall be issued by any public official until said subdivision has been approved as a Preliminary Plat and complies with the facilities requirements of Article VIII, Section 4. No public or private utility shall permit permanent connection of any facility to individual lots until the subdivision has been approved as a Preliminary Plat and complies with the facilities requirements of Article VIII, Section 4.
“Any person who violates, omits, neglects or refuses to comply with, or who resists enforcement of these Regulations shall be subject to the penalties specified in Article XIV.”

. The title of the Ordinance reads in full, “An Ordinance establishing Subdivision Regulations in Escambia County, Florida, relating to the establishment of standards for subdivisions; to prescribe standards of improvements to be provided by the developer; to establish standards for the efficient, adequate and economic supply of public facilities; to establish criteria for prevention of traffic hazards; to establish safe and convenient means for circulation of traffic; to establish provision for protective flood control measures and drainage facilities; to establish provisions for open spaces in land development; to establish procedure for preliminary and final approval of plat; to establish provision for modification and exceptions to subdivisions; to establish penalties for violation of the Ordinance; and providing for an effective date.”

.Although we do not decide the issue, it is interesting to note that we have found no authority from Florida courts that the title of a county ordinance need give fair notice of its content. Article III, § 6 of the Constitution appears to cover only laws passed by the legislature. Nothing in Article VIII even suggests that a county ordinance must have a title. Three Florida cases discuss the title of an ordinance. State ex rel. Pennington v. Quigg, 94 Fla. 1056, 114 So. 859 (1927), held that an ordinance entitled “an ordinance to regulate” may include provisions prohibiting some acts. The court spoke of the ordinance in the same terms which it uses when discussing whether a statute is sufficient under Article III, § 6, and quoted extensively from Ex Parte Pricha, 70 Fla. 265, 70 So. 406 (1915), a case involving the validity of a statute’s title. However, the court does not refer to the Constitution, and may simply have been drawing an analogy. Pittman v. Nix, 152 Fla. 378, 11 So.2d 791 (1943) invalidated an ordinance under the State Constitution’s Fourteenth Amendment. The only mention of the title was that, although it did not mention streets and public places, the title was sufficiently broad to cover all the territory within the municipality. Hope v. City of Gainesville, 195 So.2d 849 (Fla.1967), is cited in Florida Statutes Annotated as construing sufficiency of title. However, the point actually raised in that case is whether the ordinance itself is expressed with such certainty as to give reasonable notice of its scope. But see § 166.041(2), Fla.Stat. (1975).