GLICKSTEIN, Judge,
concurring specialty-
I agree with the majority opinion and certification and write only to add these observations. The county views the following language in Kass v. Lewin, 104 So.2d 572 (Fla.1958), as the boundary for forbidden territory:
[T]he imposition of the burden of preparing and recording a plat on the owner of land as a condition precedent to his conveying same is an unreasonable and unconstitutional restraint on the right to alienate property.
Id. at 577. The county then says that respondent, with the approval of the City of Coral Springs, could — in the absence of the plat notation — sell the property off in smaller lots than shown on the plat; without replatting, or otherwise telling the county about it. It thus contends that responsibility for a greater number of services would be imposed upon the county by the existence of the additional lots for which the county would not receive adequate impact fees. No one concerned for the quality of life minimizes the county’s need for the wherewithal to provide services.
I gather that the county considers the developer’s contention to be a tempest in a teapot if the respondent has no intention of reducing the size of its lots or otherwise tampering with the plat. However, I also gather that the developer suggests the *1251 principle involved here is that government cannot require it to do — ad hoc — what its written plat ordinance does not require of it.
Notwithstanding the county’s well argued concerns, I agree with the developer’s argument that in the absence of specific valid language in the plat ordinance to require such notation, the county is without authority to seek from the developer what is demanded. Without such written requirement, one can reasonably ask how to expect evenhandedness, given the often political and volatile nature of zoning and land development. While the last twenty years have provided dynamic, enlightened, well drafted environments,1 law, it is still applied in a legislative arena; and “ad hoc” requirements — as the majority concurs with the trial court this requirement to be — can be invidious.